COHEN *v.* McGREGOR.

1. WITNESSES—HOSTILE WITNESS—CONFLICTING TESTIMONY.

A witness called by a party who does not answer questions put to him as it was expected he would in view of the contents of his pretrial statement may be declared a hostile witness and may be confronted with the pretrial statement to refresh his memory.

2. SAME—HOSTILE WITNESS—LEADING QUESTIONS.

Permission for asking leading questions of a party's own witness when he appears to be hostile rests largely in the discretion of the trial court.

3. SAME—HOSTILE WITNESS—LEADING QUESTIONS.

Finding of trial court that witness called by defendant was hostile when he answered questions differently from his pretrial statement and permission to defendant to use the pretrial statement to impeach his own witness *held,* not an abuse of discretion where the record clearly shows a very close association between the witness and the plaintiff.

4. SAME—EVIDENCE—CONTRADICTORY STATEMENTS.

A contradictory statement made by a witness out of court does not become substantive evidence where such a statement may cast discredit on the present testimony of the witness.

5. SAME—CONFLICTING TESTIMONY—TRUTHFULNESS OF TESTIMONY.

Pretrial statement of defendant's witness, in action by plaintiff to recover damages resulting from an automobile collision including a hearing loss, which differed from his testimony at trial regarding plaintiff's hearing before the accident may not be considered for the purpose of establishing the fact of the hearing condition, but only whether the witness was telling the truth when he made statements on the stand.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 58 Am Jur, Witnesses § 798.
[2, 3] 58 Am Jur, Witnesses § 570.

Appeal from Wayne, Moody (Blair), J. Submitted Division 1 February 6, 1968, at Detroit. (Docket No. 2,561.) Decided September 26, 1968.

Complaint by Harry Cohen and Grace Cohen against Douglas McGregor and Mary P. McGregor for damages resulting from automobile collision. Verdict and judgment for plaintiff. Plaintiff appeals on ground of inadequacy of award. Affirmed.

*Harris, Stein & Hooberman,* for plaintiff.

*Davidson, Gotshall, Kelly, Halsey & Kohl* (*Terence M. Lynch,* of counsel), for defendant.

McGREGOR, J. Plaintiff was driving his motor vehicle on a public street, when defendant's motor vehicle, going in the same direction as plaintiff, made a fast left turn into plaintiff's path, causing a collision and resulting in claimed substantial personal injury to plaintiff. Liability was admitted by the defendant and the case was submitted to the jury on the question of damages only.

Defendant's counsel, in preparation of his case, went to the home of a close associate of the plaintiff, one Spyro Spiteri, with a stenographer, and elicited a statement from this associate to the effect that plaintiff Harry Cohen had suffered a hearing impairment especially in one ear for some time before the accident.

The principal question on appeal involves the conflicting statements and testimony of Spyro Spiteri. In his pretrial recorded statement, Mr. Spiteri indicated that he had known that plaintiff was hard of hearing back in 1959 or 1960, before the accident. After being called to the stand to testify on behalf of the defendants, Mr. Spiteri was

asked about the condition of the plaintiff's hearing before the accident. His reply was that the plaintiff's hearing was "fine", which was contrary to his pretrial statement. Following this answer, a discussion was held between the court and counsel in the chambers of the judge. At the request of defense counsel, the court then ruled that Mr. Spiteri was a hostile witness. Spiteri was questioned as to whether or not he was a friend of the plaintiff, which he answered in the affirmative. Spiteri admitted giving the conflicting answers to pertinent questions before the trial, but claimed that he had lied in many of the pretrial answers.

Plaintiff objected to impeachment and cross-examination of the defendant's witness on the grounds that the defense was impeaching its own witness. This objection was overruled. A verdict was returned in the amount of $350 in favor of the plaintiff, an amount which plaintiff considers to be grossly inadequate. As the case concluded, all the jurors hearing the testimony asknowledged the verdict to be theirs.

The pretrial statement was the only evidence that the plaintiff had suffered hearing difficulty before the accident. There was other evidence that there was some hearing loss, but such was the conclusion of medical opinion. The jury could see and hear plaintiff's reactions to cross-examination, as plaintiff was called to the stand early in the case.

The primary question before us is whether or not the trial court committed reversible and prejudicial error in allowing the defendants to use the pretrial statement.

The rule, stated in *Farthing* v. *Hepinstall* (1928), 243 Mich 380, holds that the witness called for a party could not be impeached by the party calling that witness by using prior sworn statements. The case of *Bresch* v. *Wolf* (1928), 243 Mich 638, makes

an exception to the above rule. This was a case where plaintiff's witness did not answer questions put to him by plaintiff's counsel, as it was evidently expected he would, in view of the contents of a prior affidavit made by him. The Supreme Court held that the trial judge was justified in concluding that the witness was hostile and in permitting leading questions to be asked, and in permitting him to be confronted with his own affidavit for the purpose of refreshing his recollection. Permission for the asking of leading questions where the party's own witness appears to be hostile rests largely in the discretion of the trial court. Such discretion by the trial court under the circumstances of the instant case was not abused.

One of the key functions of a trial court is to use judiciously its discretionary powers during the course of a lawsuit. The trial court had the beneficial opportunity to view the demeanor of witness Spiteri both in open court and in chambers, and to observe his attitude and manner of answering questions put to him before it was requested that he be declared a hostile witness.

The record and the charge to the jury by the court do not sustain the plaintiff's contention that the sole purpose of introducing the previous statements of defendant's witness Spiteri was for use by the jury as substantive evidence. The trial court, in its charge to the jury, stated, in part:

"There is a rule of evidence which states that contradictory statements made by a witness out of court do not become substantive evidence where such statement may cast its [dis?]credit on the present testimony of the witness. The fact Mr. Spiteri made a statement in which material parts were contrary to his sworn testimony in court may be considered by you only in determining whether you believe his sworn testimony or not. But prior statements may

not be considered for the purpose of establishing the fact of the hearing condition, but only whether the witness was telling the truth when he made statements on the stand."

The record clearly discloses a very close association between the impeached witness and the plaintiff, and the court did not abuse its discretion in allowing reference to the witness's pretrial statement.

Affirmed. Costs to appellees.

LESINSKI, C. J., and LEVIN, J., concurred.