WILSON v W A FOOTE MEMORIAL HOSPITAL

Docket No. 77-1199. Submitted March 14, 1979, at Lansing.—Decided July 9, 1979. Leave to appeal applied for.

Plaintiff, Emily Wilson, by her guardian, Carolyn Wilson, brought a medical malpractice action against Dr. Richard Ries, Dr. Richard Deming and W. A. Foote Memorial Hospital. The complaint alleged separate acts of negligence on the part of each defendant in connection with the breech delivery of the plaintiff, which resulted in her being permanently paralyzed. An amended complaint and a second amended complaint were filed by the plaintiff.

The plaintiff reached a settlement with each of the two defendant doctors and the two doctors were dismissed from the action. The doctors were brought back into the action pursuant to a third-party complaint, as third-party defendants in the defendant hospital's claim for contribution. The Jackson Circuit Court, Charles J. Falahee, J., following a jury verdict, entered judgments of no cause of action for the defendant hospital and the respective third-party defendants. The plaintiff appeals raising several issues. *Held:*

1. The trial court's denial of the plaintiff's motion for discovery of internal hospital documents relating to the handling of emergency situations was proper since the plaintiff failed to establish "good cause" for the production of the documents as required by the court rule pertaining to the discovery of documents.

2. The trial court did not abuse its discretion in allowing the

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Physicians and Surgeons § 110.
[2] 23 Am Jur 2d, Depositions and Discovery § 157.
[3] 23 Am Jur 2d, Depositions and Discovery §§ 293, 296.
[4] 5 Am Jur 2d, Appeal and Error § 881.
[5, 8] 15A Am Jur 2d, Compromise and Settlement § 48.
[6] 57 Am Jur 2d, Negligence § 186.
[7] 47 Am Jur 2d, Jury § 260.
[9] 81 Am Jur 2d, Witnesses § 430.
[10] 31 Am Jur 2d, Expert and Opinion Evidence § 31.

defendant hospital to introduce evidence of the plaintiff's prior settlement with the two third-party defendants.

3. The defendant hospital did not admit liability by attaching copies of the plaintiff's complaints to the third-party complaint.

4. It was not error for the trial court to allow the defendant hospital nine peremptory challenges while allowing the plaintiff only three. The additional six peremptory challenges allowed the hospital were because of the hospital's third-party action against the two doctors, each of whom were allowed three peremptory challenges. Since the doctors were no longer parties adverse to the plaintiff, she was only entitled to the three peremptory challenges granted to her.

5. The trial court correctly ruled that for purposes of cross-examination the third-party defendants were not parties adverse to the plaintiff, since, under the terms of the settlement, they could not be held liable to the plaintiff for any further damages.

6. The trial court's refusal to declare the two doctors as hostile witnesses was not an abuse of discretion.

7. Dr. Deming, an orthopedic surgeon, did not need to be further qualified as an expert in obstetrics in order to give an opinion on the emergency nature of the plaintiff's breech presentation at birth. This question was left to the judge's discretion. There was no abuse of discretion.

Affirmed.

1. NEGLIGENCE — MEDICAL MALPRACTICE — STANDARD OF CARE — HOSPITALS.

The internal regulations of a hospital do not establish the applicable standard of care which should be met by a hospital and its staff for purposes of determining liability in a malpractice action.

2. DISCOVERY — DOCUMENTS — EVIDENCE — ADMISSIBILITY — COURT RULES.

The court rule providing for discovery and production of documents and things for inspection, copying or photographing does not require that the objects sought to be discovered be admissible in evidence (GCR 1963, 310).

3. DISCOVERY — DISCOVERY OF DOCUMENTS — GOOD CAUSE — EVIDENCE — TRIAL PREPARATION — COURT RULES.

The standard, that "good cause" must be shown, under a court rule providing for discovery and production of documents and things for inspection, copying or photographing is satisfied

when the moving party demonstrates that the information sought is or might lead to admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice (GCR 1963, 310).

4. EVIDENCE — RELEVANCY — DISCRETION — APPEAL AND ERROR.

   A trial judge has broad discretion in ruling upon the relevancy of evidence submitted at trial; a trial judge's discretion in this regard will not be reversed absent an abuse of discretion.

5. EVIDENCE — NEGLIGENCE — ADMISSION — THIRD-PARTY TORTFEA-SOR — SETTLEMENT.

   A trial court may, in its discretion, allow the admission of evidence of a settlement reached between a plaintiff in a negligence action and a tortfeasor who has been brought into the action as a third-party defendant in order to avoid granting the plaintiff more than a full recovery against another tortfeasor who is the defendant in the action.

6. PLEADINGS — NEGLIGENCE — COMPLAINTS — THIRD-PARTY COM-PLAINTS — ADMISSION OF LIABILITY.

   A defendant in a negligence action who filed a third-party complaint against other defendants and attached a copy of the plaintiff's complaints to the third-party complaint did not admit liability by attaching the pleadings to the third-party complaint where the pleadings were attached for convenience so as to explain the nature of the allegations originally made by the plaintiff against the third-party defendants, who originally were defendants to the negligence action but who had reached a settlement with the plaintiff, and where the defendant, in the third-party complaint, expressly stated that the allegations in the plaintiff's complaints had already been denied and were not incorporated in the third-party complaint.

7. JURY — CHALLENGES — PEREMPTORY CHALLENGES — NEGLIGENCE — THIRD-PARTY ACTION — COURT RULES.

   It was not improper for a trial judge to allow a plaintiff in a negligence action only three peremptory challenges while awarding the defendant in the action nine peremptory challenges where the defendant had filed a third-party complaint against two other defendants, each of whom were given three peremptory challenges and where, in light of the settlement between the plaintiff and the third-party defendants, the third-party defendants were not adverse to the plaintiff (GCR 1963, 551.5).

8. PARTIES — THIRD-PARTY ACTION — NEGLIGENCE — ADVERSE PAR-
     TIES — WITNESSES — CROSS-EXAMINATION — SETTLEMENT.

   A trial court's ruling in a negligence action that third-party
   defendants were not parties adverse to the plaintiff in the
   action for purposes of cross-examination was proper where
   under the terms of a settlement reached between the plaintiff
   and the third-party defendants the third-party defendants could
   not be held liable to the plaintiff for any further damages.

9. WITNESSES — HOSTILE WITNESSES — DISCRETION OF TRIAL JUDGE.

   A decision whether a witness should be declared a hostile witness
   is left to the sound discretion of the trial judge.

10. WITNESSES — EXPERT WITNESSES — DISCRETION OF TRIAL JUDGE.

   The determination of the qualifications on an expert witness is a
   question left to the discretion of the trial judge.

*Gray & Taylor, P.C.,* for plaintiff.

*Kitch & Suhrheinrich, P.C.* (by *Gregory Drut-
chas),* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and N. A.
BAGULEY,* JJ.

CYNAR, P.J. Plaintiff appeals as of right from a
verdict of no cause of action in her malpractice
action against Foote Hospital.

On August 6, 1973, plaintiff commenced this
action by filing a complaint against the hospital,
Dr. Richard Ries, and Dr. Richard Deming. The
complaint alleged separate acts of negligence on
the part of each defendant in connection with
plaintiff's birth, which resulted in her being per-
manently paralyzed. Plaintiff asserted that Dr.
Ries, Carolyn Wilson's obstetrician, had negli-
gently failed to diagnose the possibility of a breech
birth and negligently failed to be present at the
birth of the child. Plaintiff asserted that Dr. Dem-
ing, an orthopedic surgeon, had negligently con-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ducted plaintiff's delivery. Plaintiff further asserted, in rather general terms, that defendant hospital was negligent in its management of hospital functions and in its supervision of hospital personnel.

After subsequently filing an amended complaint, plaintiff filed a motion on November 28, 1975, for the production of certain hospital documents relating to emergency procedures at the hospital. This motion was denied in an opinion dated January 5, 1976, and in an order filed on March 5, 1976. On February 25, 1976, plaintiff filed her second amended complaint, alleging that defendant hospital was negligent in inappropriately issuing an emergency call in conjunction with plaintiff's birth and in failing to establish proper procedures to regulate emergency situations.

On January 14, 1977, Dr. Ries and Dr. Deming filed a motion to dismiss plaintiff's claims against them on the ground that they had settled with plaintiff for a sum of $75,000 each. This settlement was approved on February 3, 1977, as being in the best interest of the minor plaintiff and the two doctors were dismissed as defendants. However, pursuant to a third-party complaint filed by defendant hospital, the doctors were brought back into the case as third-party defendants in defendant's claim for contribution.

On March 4, 1977, plaintiff filed a motion *in limine* to bar introduction at trial of any evidence regarding plaintiff's settlements with the two doctors. This motion was denied.

Trial commenced on March 7, 1977. Prior to jury selection, the trial judge was asked by plaintiff to rule on the number of peremptory challenges allowed each party. The trial judge ruled that defendant hospital would receive nine such

challenges, while the other parties would each receive three.

Prior to trial plaintiff moved for summary judgment in her behalf on the ground that defendant hospital's act of attaching plaintiff's pleadings to its third-party complaint and incorporating them by reference in the complaint acted as a judicial admission of liability. This motion was held in abeyance and eventually denied.

At trial the proofs focused upon whether the hospital had issued an emergency call in response to plaintiff's unexpected breech presentation, whether such a call was justified under the circumstances, and whether such a call was relied upon by Dr. Deming in delivering plaintiff. A verdict of no cause of action was returned and an order to that effect entered on March 23, 1977.

Plaintiff initially contends that the trial judge erred in denying her motion for the production of documents under GCR 1963, 310. Specifically, plaintiff sought internal hospital documents outlining the definition of an "emergency" and a "code 100" and the duties of the hospital personnel under such circumstances. This motion was denied below on the ground that the rules of a hopsital do not fix the applicable standard of care.

The trial judge properly concluded that the internal regulations of the hospital do not establish the applicable standard of care. See *Dixon v Grand Trunk Western R Co,* 155 Mich 169, 173; 118 NW 946 (1908). However, discovery under GCR 1963, 310 does not require that the evidence be admissible at trial. *Daniels v Allen Industries, Inc,* 391 Mich 398, 405; 216 NW2d 762 (1974). Rather, to be entitled to discovery under this rule, one must only show "good cause" for such discovery. *Daniels, supra,* 405. "Good cause" is established when

the moving party establishes that " 'the information sought is or might lead to admissible evidence, *is material to the moving party's trial preparation,* or is for some other reason necessary to promote the ends of justice'". *Daniels, supra,* 406. (Emphasis in 391 Mich.) Thus, to the extent that the trial judge's analysis focused upon the admissibility of the evidence sought, it fails to support his conclusion to deny discovery.

However, we conclude nonetheless that the trial court properly denied plaintiff's motion. Plaintiff's motion merely stated, in conclusory terms, that the documents were relevant to her trial preparation. Such a conclusion does not establish the requisite "good cause" for production. Nor was the importance of the documents apparent from the pleadings, as plaintiff's second amended complaint, adding the allegations regarding the issuance of a code-100 call, had not been filed at the time the motion to produce was denied in the January 5, 1976, opinion. Therefore, we conclude that the trial judge did not abuse his discretion in denying plaintiff's motion.

Plaintiff next contends that the trial court committed reversible error in denying her motion to exclude reference to the prior settlement with Drs. Deming and Ries. She contends that the trial court could have adjusted the damages awarded so as to reflect the prior settlement, without putting the fact of the settlement before the jury. She further argues that the prejudicial impact of the evidence outweighed any probative value it may have had.

As a general rule the trial judge has broad discretion in ruling upon the relevancy of evidence submitted at trial. *Orquist v Montgomery Ward,* 37 Mich App 36, 41; 194 NW2d 392 (1971). A trial judge's decision in this regard will not be reversed

absent an abuse of discretion. *Kulhanjian v The Detroit Edison Co,* 73 Mich App 347, 351; 251 NW2d 580 (1977).

We recognize that admitting evidence of settlements such as this can potentially lead to an unjust result. A variety of misleading inferences may be drawn from such evidence.[1] Furthermore, the possibility of a compromise jury verdict is increased thereby. Such problems could be alleviated by foreclosing jury consideration of prior settlements.

However, we note that prior decisions of this Court support the trial judge's ruling on this issue. In *Cooper v Christensen,* 29 Mich App 181; 185 NW2d 97 (1970), evidence of a settlement with one tortfeasor was admitted over objection in an action against the second tortfeasor. This Court concluded that it was proper for the trial judge to instruct the jury that they should reduce the amount of damages by the amount of the settlement. In approving this instruction, the Court *sub silentio* approved the admission of the evidence as well. See also *Reno v Heineman,* 56 Mich App 509, 512; 224 NW2d 687 (1974), where evidence of a settlement with one party was ruled admissible "to establish the defendants' right to have any amounts found to be due mitigated by the amount of the prior settlement". In these cases the evidence was admitted for jury consideration, so as to avoid granting plaintiff more than a full recovery.

---

[1] Plaintiff notes that defense counsel made several references to the settlement at trial, including one implying that defendant could have taken the easy way out by settling, but instead refused. Although we agree that this use of the evidence was improper, as unsupported by any evidence at trial, we further note that no objection was voiced in response thereto. Since any prejudice resulting from this comment could have been alleviated by a curative instruction, had plaintiff objected, this remark does not require reversal. *Treece v The Greyhound Bus Co,* 63 Mich App 63, 65; 234 NW2d 404 (1975).

In light of the prior case law, we conclude that the trial court did not abuse its discretion in admitting this evidence. Although plaintiff's proposed approach is a permissible alternative, the trial court was not compelled to follow it.[2]

Plaintiff next contends that the trial judge erred in ruling that defendant hospital did not admit liability by attaching copies of plaintiff's complaints to its third-party complaint.

This contention is totally without merit. Although defendant hospital attached plaintiff's entire complaint to its third-party complaint, the third-party complaint expressly states that "the allegations of plaintiff against the present defendant and third-party plaintiff, being specifically denied before and now, are not considered or in any manner incorporated herein". Thus, it is clear that defendant hospital was in no way admitting liability by attaching plaintiff's pleadings to its complaint. Rather, this was done for convenience, so as to explain the nature of various allegations originally made by plaintiff against Drs. Deming and Ries, which constituted the basis for defendant's third-party action.

Plaintiff next contends that the trial judge erred in granting defendant nine peremptory challenges, while granting her only three. She further con-

---

[2] *Stitt v Mahaney,* 403 Mich 711; 272 NW2d 526 (1978), cited by plaintiff for a contrary result, is not on point. There plaintiff was suing one of two independent successive tortfeasors for only those damages caused by the defendant's conduct. The majority concluded that evidence of a settlement with the other tortfeasor *was* admissible, as a question of fact existed as to whether the settlement was intended to be a full release of both tortfeasors. Although *Stitt* involved a situation of two successive, divisible injuries, as opposed to the single injury involved herein, we do not interpret *Stitt* as mandating exclusion of the settlement evidence here. Even the dissent in *Stitt* recognized that evidence of a settlement with one tortfeasor is admissible, where the defendant-tortfeasor contended that the settlement partially or totally compensated plaintiff for injuries allegedly caused by defendant. *Stitt, supra,* 733-734 (WILLIAMS, J., dissenting).

tends that the trial court abused its discretion in refusing to permit plaintiff to call Drs. Deming and Ries as adverse parties under MCL 600.2161; MSA 27A.2161 and by refusing to declare them hostile witnesses.

We find no error in the trial judge's ruling on the number of peremptory challenges granted each party. GCR 1963, 511.5 states in pertinent part:

"Each party in a civil case may peremptorily challenge 3 jurors. In civil cases 2 or more parties on the same side are considered a single party for purposes of peremptory challenge. However, where multiple parties having adverse interests are aligned on the same side, 3 peremptory challenges shall be allowed to each party represented by a different attorney and, in such cases, the opposite side may, in the discretion of the trial judge, be allowed a total number of peremptory challenges not exceeding the total number of peremptory challenges allowed to said multiple parties."

In allocating the peremptory challenges in this case the trial judge approached the action as if it were two cases. In the first action, he granted both plaintiff and defendant hospital three peremptory challenges each. In the third-party action he determined that each of the third-party defendants was entitled to three peremptory challenges and accordingly, pursuant to the discretion granted in GCR 1963, 511.5, granted defendant hospital an additional six peremptory challenges.[3] In light of plaintiff's prior settlement with the third-party defendants, we concur in the trial judge's ruling that these parties were *not* adverse to plaintiff.

[3] We note that defendant hospital exercised only one of its peremptory challenges while the third-party defendants exercised a total of two more. Thus, if there was an error in granting the third-party defendants three peremptory challenges each, plaintiff was in no way prejudiced thereby.

Thus, plaintiff was entitled to only the three peremptory challenges granted to her.

We further conclude that the trial judge properly ruled that for purposes of cross-examination Drs. Deming and Ries were not adverse parties to plaintiff. Under the terms of the settlement these parties could not be held liable to the plaintiff for any further damages. A finding that they had committed malpractice could only have served to reduce the amount of defendant's liability. Thus, these parties are properly regarded as adverse to defendant, not plaintiff. Although MCL 600.2161; MSA 27A.2161 provides for the cross-examination of employees or agents of an adverse party, plaintiff is unable to avail herself of this right, as she introduced no evidence to support the existence of an agency or employer-employee relationship between the two doctors and defendant hospital. See *Thompson v Essex Wire Co,* 27 Mich App 516, 528-530; 183 NW2d 818 (1970).

Nor do we conclude that the trial judge committed reversible error in failing to declare the two doctors as "hostile witnesses". Such a decision is left to the sound discretion of the trial judge. *Cohen v McGregor,* 13 Mich App 519, 522; 164 NW2d 682 (1968). In the present case the witnesses exhibited no unwillingness, evasiveness or hostility in testimony. Although their testimony at trial was somewhat different in emphasis as compared to their deposition testimony, these statements cannot reasonably be regarded as inconsistent.[4] Under these circumstances, the trial court

[4] Dr. Ries testified at this deposition that if a breech baby's protruding foot had a deep blue color that was of no concern. At trial he testified that all breech babies have discoloration of the feet, but added that the possibility of fetal distress would depend upon the intensity of the color. Dr. Deming's testimony consistently indicated that he was relying both upon the hospital's emergency call and his own observations in concluding that he was faced with an emergency situation when delivering plaintiff.

did not abuse its discretion in refusing to declare them hostile witnesses, *Thompson v Essex Wire Co, supra,* 534.

Plaintiff's final contention is that the trial court erred in permitting Dr. Deming to state his opinion as to whether defendant hospital breached its standard of care in issuing an emergency call after plaintiff's breech presentation.

We find no error. Although the questions being challenged were phrased in terms of the hospital's standard of care, the questions related to whether Dr. Deming considered the breech presentation an emergency.[5] He had previously testified that plaintiff's foot was blue, that such coloration was indicative of loss of blood circulation, and that such a situation constituted an emergency. Thus, his response that the hospital did not breach its standard of care merely confirmed his prior evaluation of the situation.

We disagree with plaintiff's contention that Dr. Deming needed to be further qualified as an expert in obstetrics in order to give an opinion on the emergency nature of this breech presentation. The determination of the qualifications of an expert is

---

[5] The questions challenged were as follows:

"Q [by Mr. Kitch, Attorney for Defendant]. Considering the life-threatening situation that * * * strike that.

"Considering the life-threatening situation that you determined to exist when you entered the delivery room in the evening of October 7th, 1964, would it have been a violation of that standard of care for hospital personnel to have called Code 100?

* * *

"Q. Mr. Gray's final question to you yesterday was, if you * * * strike that * * * his final question to you yesterday was, 'In your opinion, would it have been a deviation from the standard of care for hospital personnel to provide inaccurate information about a patient to a doctor?'

"My question to you, doctor, is did you consider that the hospital personnel had provided you with inaccurate information regarding a patient, particularly Carolyn Wilson, by summoning you to the delivery room by using a Code 100?"

a question left to the discretion of the trial judge. *Coles v Galloway,* 7 Mich App 93, 102; 151 NW2d 229 (1967). The situation involved herein is not one totally limited to the field of obstetrics. Loss of circulation in a limb can occur in a multitude of contexts in various fields of medicine. Dr. Deming's testimony exhibited familiarity with such situations and the proper measures to be taken in response thereto.[6] In light of this background we conclude that the trial judge did not abuse his discretion in permitting Dr. Deming to answer defendant's questions regarding the gravity of the breech presentation involved herein. See *Siirila v Barrios,* 398 Mich 576; 248 NW2d 171 (1976).

Affirmed. Costs to defendant.

---

[6] We also note that Dr. Deming had studied obstetrics in medical school, had delivered a baby, and had assisted in other deliveries.