McLAREN v ZEILINGER

Docket No. 45623. Submitted October 9, 1980, at Lansing.—Decided
     January 21, 1981.

     Oralei K. McLaren suffered severe personal injuries when a car
     in which she was riding collided with a guardrail. Oralei filed a
     suit against Donald E. Zeilinger, the driver of the automobile,
     in Genesee Circuit Court, alleging that Zeilinger was grossly
     negligent, and sought exemplary and compensatory damages.
     McLaren sent Zeilinger 111 interrogatories. Zeilinger refused to
     answer certain interrogatories that dealt with his financial
     status. Zeilinger subsequently moved for an order sustaining
     his objection to McLaren's interrogatories concerning his finan-
     cial status. Thomas C. Yeotis, J., issued an opinion and entered
     an order denying Zeilinger's motion. Zeilinger appeals by leave
     granted. *Held:*

     1. Exemplary damages should not be allowed in automobile
     accident cases even where allegations of gross negligence are
     made.

     2. Interrogatories directed to a defendant's financial condition
     are not relevant evidence at a trial in a personal injury
     automobile accident case in the absence of special circum-
     stances.

     3. The test now recognized by the Supreme Court in deter-
     mining whether discovery of the extent and value of a defen-
     dant's assets in a personal injury action is proper is whether
     the plaintiff has good cause to have discovery of the extent and

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Damages §§ 11, 18, 236, 237, 245.
[2, 3] 22 Am Jur 2d, Damages § 319.
     Pretrial discovery of defendant's financial worth on issue of dam-
     ages. 27 ALR3d 1375.
[3, 6] 23 Am Jur 2d, Depositions and Discovery § 208.
     29 Am Jur 2d, Evidence § 251 *et seq.*
[4] 23 Am Jur 2d, Depositions and Discovery § 150 *et seq.*
[5, 6] 23 Am Jur 2d, Depositions and Discovery §§ 149, 150, 157.
     Pretrial discovery of defendant's financial worth on issue of dam-
     ages. 27 ALR3d 1375.

value of the defendant's assets. The trial judge is vested with discretion to make that determination on a case by case basis.

4. Only in exceptional cases will a plaintiff have good cause for discovery of a defendant's financial assets in a personal injury automobile accident case. Where good cause is present, a defendant's alleged right of privacy must give way. There was good cause in this case for submitting the interrogatories that are in dispute since a mediation panel has placed a substantial value on the plaintiff's damages and there is a real possibility of a jury award exceeding the defendant's insurance policy limits and discovery of the defendant's assets could be a factor inducing settlement. The trial judge did not abuse his discretion.

Affirmed.

1. DAMAGES — EXEMPLARY DAMAGES.

Exemplary damages are compensatory in nature and not punitive since they are properly an element of actual damages; exemplary damages may be recoverable for humiliation and indignity resulting from an injury which has been maliciously or wantonly inflicted, but exemplary damages generally are not recoverable for even intentional breaches of commercial contracts.

2. DAMAGES — EXEMPLARY DAMAGES.

Since exemplary damages are not intended to punish a defendant for his actions, evidence of a defendant's financial situation is immaterial to the issue of his liability.

3. EVIDENCE — AUTOMOBILES — INTERROGATORIES — DEFENDANT'S FINANCIAL CONDITION.

Interrogatories directed to a defendant's financial condition are not relevant evidence at trial in a personal injury automobile accident case in the absence of special circumstances.

4. EVIDENCE — PRETRIAL DISCOVERY — GOOD CAUSE — COURT RULES.

A party, to be entitled to discovery, need only show good cause for such discovery, such as establishing that the information sought is or might lead to admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice; discovery may be permissible whether or not the information sought is admissible at trial (GCR 1963, 310).

5. JUDGES — DISCOVERY OF DEFENDANT'S ASSETS — NEGLIGENCE — SOUND DISCRETION.

Discovery of the extent and value of a defendant's assets in a

personal injury action is admissible if the plaintiff has good cause to have discovery of the extent and value of the defendant's assets, and the trial judge is vested with discretion to make that determination on a case by case basis.

6. NEGLIGENCE — DISCOVERY OF DEFENDANT'S ASSETS — PERSONAL
   INJURY ACTIONS.

   Only in exceptional cases will a plaintiff have good cause to permit discovery of the nature and extent of a defendant's assets in a personal injury action; where good cause is established, a defendant's right of privacy must give way.

*David Melkus,* for plaintiff.

*Douglas I. Buck* and *Michael J. Mangapora,* for defendant.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

BEASLEY, J. At a time when plaintiff and defendant were engaged to be married, plaintiff suffered severe personal injuries while a passenger in a car operated by defendant that collided with a guardrail. In her complaint, she sought exemplary damages for alleged gross negligence as well as compensatory damages. Plaintiff sent defendant a total of 111 interrogatories, of which defendant refused to answer numbers 86 through 105 on the basis that they involved "matters not discoverable", since they dealt with his financial status. When defendant moved for an order sustaining his objection to plaintiff's interrogatories, the trial court issued an opinion and entered an order denying defendant's motion. Defendant appeals by leave granted.

The case presents one issue. Is it error in an automobile accident case to compel a defendant to answer plaintiff's written interrogatories regarding defendant's financial condition?

In *Wronski v Sun Oil Co,*[1] we said that exemplary damages are compensatory in nature and not punitive, since they are properly an element of actual damages. In *Riggs v Fremont Mutual Ins Co,*[2] we said that exemplary damages may be recoverable for humiliation and indignity resulting from an injury which has been maliciously or wantonly inflicted, but that exemplary damages generally are not recoverable for even intentional breaches of commercial contracts. Thus, in *Riggs,* we held that a fire insurance contract was an ordinary commercial contract and the mere fact that the insurer denied liability and claimed arson, although failing to prove it, did not establish a malicious or reckless denial of payment.

*Peisner v Detroit Free Press, Inc,*[3] which is a libel case, is authority for the proposition that, since exemplary damages are not intended to punish a defendant for their actions, evidence of a defendant's financial situation is immaterial to the issue.

While there are no Michigan cases specifically deciding the issue, and while recognizing there is some authority to the contrary in other jurisdictions,[4] we hold that exemplary damages should not be allowed in automobile accident cases in Michigan even where allegations of gross negligence are made.

However, even if we were to assume the contrary, that is, that exemplary damages are permissible in gross negligence automobile accident cases, the result would not be changed. Since exemplary

[1] 89 Mich App 11; 279 NW2d 564 (1979).

[2] 85 Mich App 203; 270 NW2d 654 (1978).

[3] 68 Mich App 360; 242 NW2d 775 (1976).

[4] *Parkins v Brown,* 241 F2d 367 (CA 5, 1957), *Porter v Funkhouser,* 79 Nev 273; 382 P2d 216 (1963).

damages are designed to compensate a plaintiff and not to punish a defendant, there is no trial relevance in requiring a defendant to divulge information relating to his financial status through the use of interrogatories.

Certainly, it cannot be argued that such evidence is admissible on the issue of defendant's liability as the driver of an automobile, since defendant's financial worth is obviously irrelevant in determining whether he operated the vehicle in a grossly negligent manner. While such evidence might be relevant in punishing a defendant, it is clear under Michigan law that punitive damages are not allowable.[5]

Consequently, we hold that, in the absence of special circumstances, interrogatories directed to a defendant's financial condition are not relevant evidence at trial.

We proceed, then, to the question of whether there is another basis to compel defendant to answer these interrogatories. Plaintiff claims that her damages exceed the policy limits on defendant's insurance policy. She asserts that a mediation panel recommended damages close to the policy limits and that she needs to know the extent of defendant's collectability in order to make an intelligent decision as to whether to settle her claim. Defendant responds that plaintiff should not be entitled to invade his privacy and to harass him in pretrial discovery when his liability has not even been established.

GCR 1963, 309.4, which concerns the scope and use of interrogatories, provides that "interrogatories may relate to any matters which can be inquired into under sub-rule 302.2 and the answers may be used to the same extent as provided in sub-

---

[5] *Ray v Detroit,* 67 Mich App 702; 242 NW2d 494 (1976).

rule 302.4 for the use of a deposition of a party". GCR 1963, 302.2 deals with the scope of examination of discovery depositions and provides in part as follows:

"(1) Persons taking depositions, unless for good cause otherwise shown, as provided by sub-rules 306.2 and 306.4, shall be permitted to examine the deponent regarding any matter not privileged which is admissible under the Rules of Evidence governing trials and relevant to the subject matter involved in the pending action."

In the 1980 pocket parts, with respect to 302.2, Honigman and Hawkins state:

"The admissibility requirement and the question of privilege as applied to the discovery of statements and writings has been affected by recent amendments to sub-rule 306.2 and Rule 310."[6]

GCR 1963, 306.2 is entitled "Orders For the Protection of Parties and Deponents" and provides:

"Upon motion seasonably made by either party or by the person to be examined and upon reasonable notice and for good cause shown, the court * * * may make an order that the deposition shall not be taken * * * or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers and counsel."

GCR 1963, 306.4 establishes a procedure for terminating or limiting depositions.

---

[6] 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Rule 302.2, 1980 pocket parts, p 18.

Consequently, neither Rule 306.2 nor Rule 306.4 afford a basis for plaintiff to compel defendant to answer the disputed interrogatories. On the contrary, Rule 306.2 and Rule 306.4 are possible avenues of protection for defendant.

The amendment to Rule 310 referred to by Honigman and Hawkins was apparently that of June 7, 1965, which eliminated the requirement for production of documents that they be admissible in evidence.[7] In the 1980 Cumulative Supplement, with respect to Rule 310, Honigman and Hawkins state:

"Prior to these amendments to Rule 310, the discovery of liability insurance was probably precluded in most cases by the admissibility requirement of sub-rule 302.2 and by sub-rule 301.1(6) expressly prohibiting disclosure at pretrial conference. While the latter provision still remains in the rules, it should probably be treated as nullified, in effect, by sub-rule 310.1(4), since there is no apparent reason for permitting disclosure of liability insurance by pretrial discovery but prohibiting its disclosure at the pretrial conference."[8]

GCR 1963, 310.1(4) is an amendment adopted in 1971 providing:

"(4) Notwithstanding the provisions of sub-rule 306.2, a party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes

---

[7] *Daniels v Allen Industries, Inc,* 391 Mich 398, 405; 216 NW2d 762 (1974).

[8] 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Rule 310, 1980 pocket parts, p 56.

of this paragraph, an application for insurance shall not be treated as part of an insurance agreement. (Added by amendment effective Nov. 12, 1971.)"

In *Wilson v W A Foote Memorial Hospital,*[9] plaintiff sought discovery of internal hospital documents purportedly outlining the definition of an emergency and the duties of the hospital personnel under such circumstances. The trial judge held that the internal regulations of the hospital did not establish the applicable standard of care and, thus, presumably the information sought to be discovered would not be admissible evidence. We held that permissible discovery under Rule 310 may be had whether or not the evidence is admissible at trial. Rather, to be entitled to discovery, one must only show "good cause" for such discovery.

Under GCR 1963, 310, good cause is established when the moving party establishes that the information sought is or might lead to admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice.[10] In *W A Foote Memorial Hospital, supra,* we held that the motion did not establish the requisite good cause for production and that, therefore, there was not any abuse of discretion in denial of the motion.

In *Daniels v Allen Industries, Inc,*[11] plaintiffs succeeded in forcing defendant to produce the results of emission control studies conducted by defendant's experts. The Supreme Court held that admissibility into evidence was no longer a prerequisite to discovery under Rule 310, but that good cause must be shown, saying:

[9] 91 Mich App 90; 284 NW2d 126 (1979).

[10] *Wilson v W A Foote Memorial Hospital, supra,* 95-96.

[11] 391 Mich 398; 216 NW2d 762 (1974).

"[T]his Court has clarified the import of Rule 310 noting the necessity for a showing of 'good cause' by the moving party before such party is entitled to put the issue of document production to the trial court for exercise of its discretion. *Covington Mutual Insurance Co v Copeland,* 382 Mich 109, 111-112; 168 NW2d 220 (1969); *J A Utley Co v Saginaw Circuit Judge,* 372 Mich 367, 375; 126 NW2d 696 (1964)." (Footnote omitted.) *Daniels, supra,* 405.

Consequently, the question is do the amendments to the court rules or the case law contained in these cited cases afford to plaintiff a basis to require defendant to answer the contested interrogatories.

As indicated, former GCR 1963, 309, which by its terms relates to GCR 1963, 302.2, contained two conditions precedent which had to be met in order to require answering of interrogatories. First, the matter sought to be discovered had to be admissible into evidence at trial. In *Daniels v Allen Industries, Inc, supra,* the Supreme Court held that with respect to production of documents under GCR 1963, 310, no longer was it necessary that the document be admissible into evidence at trial. But, the Supreme Court held that there must be good cause to require production of the document. In that case, the Supreme Court also stated in strong terms a commitment to "far-reaching, open and effective discovery practice".

In *W A Foote Memorial Hospital, supra,* we held similarly, but in applying the good-cause rule, found good cause lacking.

Second, the matter sought to be discovered must be relevant to the subject matter of the pending case. We hold that these two conditions precedent no longer prevail; the scope of interrogatories is not now limited to matters "admissible under the

rules of evidence governing trials and relevant to the subject matter involved in the pending action".

We believe that the test now utilized by the Supreme Court is whether plaintiff has "good cause" to have discovery of the extent and value of defendant's assets, and that the trial judge is vested with discretion to make that determination on a case by case basis. To hold otherwise would lead to incongruous results that we do not believe the Supreme Court intended.

*E.g.,* in this case, if, rather than submitting interrogatories to defendant, plaintiff had chosen to proceed under GCR 1963, 310, to require defendant to produce copies of his income tax returns, it would appear that if plaintiff satisfied the trial court there was good cause, defendant could have been required to produce such income tax returns, even though they were *not* admissible in evidence at trial nor relevant to the subject matter at trial.[12]

We believe the Supreme Court intended the same test, namely, "good cause" to apply to the scope of interrogatories as to the scope of production of documents.

The question then is whether there is good cause to require defendant to answer these interrogatories. As indicated, we hold this decision was for the discretion of the trial judge, and we find that, under the circumstances of this case, "good cause" encompasses the interrogatories regarding defendant's assets that are in dispute.

The circumstances to which we refer are that the recommendation of a mediation panel has placed a substantial value on plaintiff's damages, that there is a real possibility of a jury award exceeding the policy limits, and that discovery of

---

[12] See, *Daniels v Allen Industries, Inc, supra.*

defendant's assets could be a factor inducing settlement. We do not hold that, as a general rule, a plaintiff in an automobile accident case will be entitled to discovery of defendant's assets.

On the contrary, we would expect that it will only be in the exceptional case that a plaintiff may have sufficient "good cause" to permit such discovery.

Where sufficient good cause is present, a defendant's alleged right of privacy must give way. Consequently, we hold that the trial court's denial of defendant's motion was not clearly erroneous.

Affirmed.