HAGLUND v VAN DORN COMPANY

Docket No. 95799. Submitted November 17, 1987, at Lansing. Decided February 11, 1988.

Daniel Haglund, who was injured while working on an injection molding press, brought a product liability action in Oakland Circuit Court against Van Dorn Company and A.L. Belrose Company, Inc., the designer and manufacturer of the press involved. Plaintiff alleged negligence and breach of implied warranties and, in interrogatories submitted to defendants, inquired as to warning labels affixed to presses after plaintiff's injury and as to other injuries or law suits involving presses designed or manufactured by defendants whose design was different from that on which defendant was injured. Defendants refused to answer, stating that information regarding warning labels was not relevant or material since their use commenced after plaintiff's injury and information regarding other injuries or law suits on presses of different design was also not relevant. The trial court, Frederick C. Ziem, J., denied a motion by plaintiff to compel defendants to answer the interrogatories. Plaintiff appealed by leave granted.

The Court of Appeals held:

The information sought through the interrogatories in question would be inadmissible at trial since evidence of a change in warning labels occurring after death or injury is not admissible to prove liability and information regarding injuries or law suits involving presses of different design would not have involved similar or substantially similar circumstances. However, evidence sought through discovery need not be admissible at trial. Inadmissible evidence is discoverable if good cause for discovery is shown. Good cause is shown where the moving party establishes that the information sought is, or might lead to, admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice. In this case, the trial court abused its discretion in denying plaintiff's motion since plaintiff met his

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 21 et seq.
See the Index to Annotations under Discovery.

burden of showing that the information sought is reasonably calculated to lead to admissible evidence.

Reversed and remanded. Defendants are to answer the plaintiff's interrogatories within a period to be determined by the trial court.

M. J. KELLY, P.J., dissented and would hold that the plaintiff's factual showing was deficient in demonstrating that the information sought was reasonably calculated to lead to the discovery of admissible evidence. He would affirm.

PRETRIAL PROCEDURE — DISCOVERY — EVIDENCE — COURT RULES.

Evidence one seeks to discover need not be admissible at trial; inadmissible evidence is discoverable if good cause for discovery is shown; good cause is shown where the moving party establishes that the information sought is, or might lead to, admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice (MCR 2.302).

*Thurswell, Chayet & Weiner* (by *Harvey Chayet* and *Beth Wilcoxon*), for plaintiff.

*Reynolds, Beeby, Magnuson & Kenny, P.C.* (by *Anthony E. Kenny* and *Mark W. Peyser*), for VanDorn Company.

Before: M. J. KELLY, P.J., and G. R. MCDONALD and J. D. PAYANT,* JJ.

J. D. PAYANT, J. Plaintiff filed a motion to compel defendants to answer interrogatories in this products liability action. The circuit court denied plaintiff's motion. We granted leave to appeal and ordered a stay of trial pending appeal.

On December 12, 1984, plaintiff was seriously injured by the safety arm on an injection molding press. Defendants designed and manufactured the press. Plaintiff brought this action on November 1, 1985. Plaintiff's action is based on negligence and breach of implied warranties. The negligence alle-

* Circuit judge, sitting on the Court of Appeals by assignment.

gations include allegations of defendants' failure to warn.

Plaintiff submitted supplemental interrogatories to defendants. The interrogatories at issue on appeal are as follows:

4. In answer to Interrogatory #52 of the original Interrogatories submitted to Defendant, warning label 24901-B was attached and marked as Exhibit c. With respect to said warning label, please indicate:

A. The date that Defendant commenced use of the above referred to warning label on any of its injection molding machines.

B. The date that Defendant commenced utilization of the above referred to warning label on the injection molding machine model identified in this case.

5. Did the above referred to warning label identified in answer to Interrogatory #52 replace any other warning label otherwise utilized by Defendant on the subject model injection molding machine and/or any other injection molding machine manufactured by Defendant?

A. If so, please indicate the language of the warning label which preceded and was replaced by the warning label identified in answer to Interrogatory #52.

B. If so, please indicate the reason and/or basis and/or purpose for substituting the warning label identified in answer to Interrogatory #52 for the previously utilized warning label.

6. If the warning label identified in answer to Interrogatory #52 did not replace and/or substitute another previously utilized warning label, please indicate the purpose, basis and/or reason utilized by Defendant for instituting the use of the warning label as identified in answer to Interrogatory #52.

\* \* \*

10. Has Defendant received any notice of injury

and/or law suit as a result of injury occurring on any injection molding machine manufactured and/or designed by Defendant wherein Plaintiff contended that he or she was injured in some manner by contact with the safety bar?

11. If so, please state:

A. The name and address of the complainant and each such complaint, claim or lawsuit.

B. The substance of the complaint, when and where it was filed, against whom it was filed, the case number and court of record and the name, address, and telephone number of Plaintiff's attorney.

Defendants provided the following answer to interrogatories 4, 5, and 6:

This information is neither relevant and/or (sic) material to this litigation since its use was commenced subsequent to plaintiff's injury.

The following answer was given to interrogatories 10 and 11:

This information is irrelevant unless it is restricted to a 75 ton injection molding machine of identical design. However, providing that objection the Defendant is not aware of any notice of injury and/or law suit as a result of an injury occurring on a 75 ton injection molding machine of identical design manufactured and/or designed by Defendant wherein Plaintiff contended that he or she was injured in some manner by contact with the safety bar.

Plaintiff's motion to compel answers to interrogatories 4, 5, 6, 10, and 11 was denied. We reverse the order denying plaintiff's motion and remand this case for trial.

The grant or denial of discovery is within the trial judge's discretion. *Masters v Highland Park,*

97 Mich App 56; 294 NW2d 246 (1980). MCR 2.302 provides for the following scope of discovery:

> (B) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as provided by this subrule.
>
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of another party, including the existence, description, nature, custody, condition, and location of books, documents, or other tangible things and the identity and location of persons having knowledge of a discoverable matter.
>
> (a) It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In accordance with the above rule, this Court has held that evidence one seeks to discover need not be admissible at trial. Inadmissible evidence is discoverable if good cause for discovery is shown. Good cause is shown where the moving party establishes that the information sought is, or might lead to, admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice. *Wilson v W A Foote Memorial Hospital*, 91 Mich App 90; 284 NW2d 126 (1979).

Evidence of a change in warning labels occurring after death or injury is inadmissible to prove liability. MRE 407; *Downie v Kent Products, Inc*, 420 Mich 197; 362 NW2d 605 (1984), reh den 421 Mich 1202 (1985). Evidence of accidents with other machines is admissible subject to the following rule:

> An issue as to the existence or occurrence of particular fact, condition, or event, may be proved by evidence as to the existence or occurrence of similar facts, conditions, or events, under the same, or substantially similar, circumstances. [*Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318, 328-329; 253 NW2d 748 (1977), quoting *Savage v Peterson Distributing Co, Inc,* 379 Mich 197, 202; 150 NW2d 804 (1967).]

Defendants answered interrogatories 4, 5 and 6 by saying that the warning label in question was not used until after plaintiff's injury. Therefore, the evidence is inadmissible to prove liability. *Downie, supra.* Defendants answered interrogatories 10 and 11 regarding other injuries or lawsuits involving the machine that injured plaintiff, but refused to provide information with regard to machines of a different design. This evidence is also inadmissible because the circumstances are not the same or substantially the same. *Fireman's Fund American Ins Cos, supra.*

Although the information sought by plaintiff is inadmissible, it may nevertheless be discoverable if it might lead to admissible evidence. *Wilson, supra.* Plaintiff argues that even if the information sought is inadmissible, it might lead to evidence of actual notice of a defect in design or manufacture and could reveal specific acts of negligence. Under MCR 2.302, plaintiff need only show that the information is "reasonably calculated" to lead to discovery of admissible evidence. Moreover, it is well-established that discovery rules are to be liberally construed. *Peters v Gaggos,* 72 Mich App 138; 249 NW2d 327 (1976); *Maerz v United States Steel Corp,* 116 Mich App 710; 323 NW2d 524 (1982). Therefore, we conclude that the trial court abused its discretion in denying plaintiff's motion to compel answers to interrogatories because plain-

tiff met his burden of showing that the information is reasonably calculated to lead to admissible evidence.

The circuit court's order denying plaintiff's motion is reversed and this case is remanded for defendants to answer the interrogatories at issue in this case within an amount of time deemed appropriate by the trial court.

G. R. McDONALD, J., concurred.

M. J. KELLY, P.J. *(dissenting).* Leave to appeal should not have been granted in this case because it presents too close a question. I am not convinced that there is error that needs to be corrected. This ruling could have gone either way and either way would not have constituted an abuse of discretion. It is too close to call. I would affirm.

The parties and the majority are in agreement that the evidence sought to be discovered is not admissible. The answers to interrogatories 4, 5 and 6 are inadmissible to prove liability because the warning label in question was not used until after plaintiff's injury. Evidence of a change in warning labels occurring after the date of the event on which the complaint for recovery is based is inadmissible to prove liability. MRE 407; *Downey v Kent Products, Inc,* 420 Mich 197; 362 NW2d 605 (1984), reh den 421 Mich 1202 (1985).

The answers to interrogatories 10 and 11 request information on "any injection molding machine manufactured and/or designed by Defendant wherein Plaintiff contended that he or she was injured in some manner by contact with the safety bar." These interrogatories are not framed so as to limit the answers to the existence of similar facts under the same or substantially similar circumstances. Defendants answered interrogatories 10

and 11 insofar as they pertained to injuries or lawsuits involving the machine that injured plaintiff. Their refusal to provide information regarding different machines was a plausible limitation. There has to be some limitation on the information requested by a party or the opposition can be ground down by attrition over the interminable propounding of interrogatories.

So the question boils down to whether inadmissible information might lead to admissible evidence. Under MCR 2.302 plaintiff is required to show that the information is "reasonably calculated" to lead to discovery of admissible evidence. To carry that burden plaintiff asserts that the evidence "has a bearing on the feasibility of using warning labels." Plaintiff also says that "the information may reveal that Defendant had notice of the defect in its injection molding presses, which knowledge has a direct bearing on Defendant's duty to warn." That doesn't hit me in the forehead. I do not think the trial court erred in deciding, as it must have, that the nature and extent of the factual showing was deficient in demonstrating that the information sought was reasonably calculated to lead to the discovery of admissible evidence. Certainly the feasibility of using a warning label can be proved by other means without violating the spirit of the rule that evidence of subsequent remedial measures is inadmissible. Plaintiff's assertion that "notice of the defect" was an issue is just another way of saying that the evidence is sought to prove liability, which is impermissible.

In his appellate brief plaintiff asserts that the information sought "may reveal evidence of actual notice of a defect in design or manufacture, and could conceivably reveal specific acts of negligence for which Defendant would be liable." If that is the standard of good cause then we will be here

forever. It seems to me that the trial courts would not be remiss in requiring some minimal degree of specificity as to what admissible evidence may come to light through the discovery of inadmissible evidence. Merely saying that it may show negligence destroys the barrier between admissibility and discoverability. It encourages the old "fishing expedition" and, in the case of subsequent remedial measures, might even have a negative effect upon the will of manufacturers to take corrective measures.

I would affirm.