HINDELANG v R D WERNER COMPANY, INC

Docket No. 121161. Submitted November 14, 1990, at Detroit. Decided
   January 23, 1991; approved for publication March 17, 1991, at
   9:05 A.M.

Robert L. and Paula M. Hindelang brought a products-liability
action in the Wayne Circuit Court against R.D. Werner Com-
pany, Inc., and A.L. Damman Company, after Robert L. Hinde-
lang fell from a ladder manufactured by Werner and sold by
Damman. The plaintiffs alleged defective design and failure to
warn of the ladder's instability. The court, Richard P. Hatha-
way, J., refused to allow the plaintiffs to discover test results
and previous complaints regarding other ladders having the
same or a similar foot design and quashed the depositions of
certain Damman employees who were privy to product-safety
information disseminated by Werner regarding its ladders. The
plaintiffs appealed by leave granted.

   The Court of Appeals *held:*

   The trial court abused its discretion in denying discovery of
the test results and previous complaints or lawsuits regarding
other ladders having the same or a similar design and in
quashing the depositions of the Damman employees. The infor-
mation sought by the plaintiffs was wholly relevant to the
claims of defective design and failure to warn and therefore
was properly discoverable pursuant to MCR 2.302(B).

   Reversed.

*Goodman, Lister, Seikaly & Peters, P.C.* (by
*Carole F. Youngblood*) (*Bendure & Thomas,* by
*Mark R. Bendure* and *Laura J. Gabel,* of Counsel)
for Robert L. Hindeland and Paula M. Hindelang.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana,
James R. Kohl,* and *Carolyn Jereck*), for R. D.
Werner Company, Inc., and A. L. Damman Com-
pany (*Still, Nemier, Winter & Yockey, P.C.,* by
*Donald J. Trybus,* of Counsel) for A. L. Damman
Company.

Before: GRIFFIN, P.J., and SAWYER and BRENNAN, JJ.

PER CURIAM. Plaintiffs appeal by leave granted on delayed application from two circuit court orders restricting the scope of discovery in this products-liability action. We reverse.

Plaintiff Robert L. Hindelang was injured when he fell from a ladder manufactured by defendant R. D. Werner Company, Inc., and sold to him by defendant A. L. Damman Company. In substance, plaintiffs' complaint alleges that the ladder was defectively designed, leading to instability during use. Plaintiffs also claim that Werner and Damman failed to warn of the ladder's instability or recommend precautions to compensate for the unstable design.

On appeal, plaintiffs first argue that the trial court abused its discretion by not allowing them to discover test results and previous complaints regarding other ladders having the same or a similar foot design. Specifically, plaintiffs contend that such information is crucial in order to ascertain Werner's knowledge of the ladder's performance and its ability to foresee the dangers posed by the swivel feet. We agree.

The focus of a design-defect case is usually on the quality of the manufacturer's decision; the issue is whether the manufacturer properly weighed the alternatives and evaluated the trade-offs and developed a reasonably safe product. *Prentis v Yale Mfg Co,* 421 Mich 670, 687; 365 NW2d 176 (1984). We note the substantial similarity of design of the ladder at issue and defendant's other ladders which were the subject of plaintiffs' discovery requests. Furthermore, Werner engineer Fred Bartnicki testified in his deposition with respect to "slip testing" of Werner ladders as follows:

*Q.* Has Werner done any slip tests on the D1100 series extension ladders?

*A.* Yes.

*Q.* Is that done on all models of D1100 extension ladders?

*A.* Maybe not all models. A sufficient number to be confident in the performance of the particular shoe or whatever on the other models that aren't tested though.

In light of this testimony, we find the test results involving the other ladders wholly relevant and therefore discoverable pursuant to MCR 2.302(B). To the extent the design and performance of the instant ladder may have been evaluated on the basis of tests conducted on other ladders, plaintiffs were clearly entitled to examine the results. For similar reasons, plaintiffs were also entitled to discover evidence of other complaints or lawsuits involving these other ladders. See *Haglund v Van Dorn Co,* 169 Mich App 524, 529; 426 NW2d 690 (1988).

Plaintiffs next assert that the trial court erred in quashing the depositions of certain Damman employees who were privy to product-safety information disseminated by Werner regarding its ladders. Again, we agree. Such information would be directly relevant to plaintiffs' claim of negligent failure to warn, and it was an abuse of discretion to preclude plaintiffs' discovery.

Reversed.