WALKER METALLURGICAL CORPORATION *v.* LEDOUX & COMPANY

1. DISCOVERY—INTERROGATORIES—TRADE SECRET—DISMISSAL.
   Dismissal of plaintiff's action with prejudice, upon the repeated refusal of plaintiff to answer certain interrogatories, was not reversible error, where the name of plaintiff's supplier did not fall within the scope of a trade secret and was not justification for refusing to answer defendant's interrogatories.

2. DISCOVERY—INTERROGATORIES—RELEVANCE—DISCRETION.
   Determining matters of relevancy of interrogatories is within the discretion of the trial judge and will not be interfered with by the Court of Appeals.

Appeal from Common Pleas Court of Detroit, John W. Connolly, J. Submitted Division 1 February 10, 1969, at Detroit. (Docket No. 5,113.) Decided March 26, 1969.

Declaration by Walker Metallurgical Corporation, a Michigan corporation, against Ledoux & Company, a corporation, for damages resulting from a breach of contract. Plaintiff's cause dismissed with prejudice. Plaintiff appeals. Affirmed.

*Charles Rubiner* and *Arthur James Rubiner,* for plaintiff.

*Johnson, Campbell & Moesta,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery § 203.
[2] 23 Am Jur 2d, Depositions and Discovery § 286 *et seq.*

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Plaintiff instituted an action for damages against defendant in Detroit common pleas court. Plaintiff had contracted to sell nickel alloy to a third party based upon a determination of the nickel content per pound. Defendant chemical company was to determine the nickel content. In its declaration plaintiff contended that defendant's analysis was contrary to the established custom and usage of the metallurgical industry, that defendant had breached the contract, and that an inaccurate assay resulted. Upon the repeated refusal of plaintiff to answer two interrogatories submitted by defendant, the cause was dismissed with prejudice. From that dismissal plaintiff appeals. Plaintiff bases its appeal on the following issues:

"(a) The court erred as a matter of law in holding that the information sought to be elicited by such interrogatories was relevant since such information would have no bearing on the final determination of such cause and the divulging of such information (trade secrets) would be seriously prejudicial to plaintiff and would be of no benefit to defendant.

"(b) Summary dismissal of such cause precludes the assertion by plaintiff of a meritorious cause of action and deprives it of its day in court."

Plaintiff had several opportunities, in the common pleas court and the circuit court, to assert its reasons for failing to answer defendant's interrogatories. These attempts were found to be without merit. Upon review of the record we find no reversible error.

The name of plaintiff's supplier in this case does not fall within the scope of a trade secret and was

not justification for refusing to answer defendant's interrogatories. Further, determining matters of relevancy of interrogatories is within the discretion of the trial judge and will not be interfered with here.

Affirmed.