KLABUNDE *v.* STANLEY

1. DISCOVERY—LIMITATION—TRIAL COURT—DISCRETION.
   Grant, denial, or limitation of discovery is within the discretion
   of the trial court and should not be disturbed unless there
   is an abuse of discretion (GCR 1963, 306.2, 307.4).

2. DISCOVERY—EXPERT WITNESSES—PRIVILEGE—WORK PRODUCT.
   Request by defense in a medical malpractice action that plain-
   tiff furnish the identity of members of the medical profession
   consulted as proposed expert witnesses *held,* not privileged as
   part of the work product of plaintiff's counsel.

3. DISCOVERY—COURT RULES—CONSTRUCTION.
   Discovery rules must be accorded broad and liberal treatment.

4. DISCOVERY—PURPOSE—COURT RULES.
   Discovery rules were promulgated to simplify and clarify issues
   and their purpose is to provide accurate information in
   advance of trial as to the actual facts and circumstances
   of a controversy.

5. DISCOVERY—DENIAL—GOOD CAUSE.
   Plaintiff's contention that obtaining expert witnesses to testify
   on his behalf in a medical malpractice action "is a matter
   of great difficulty and considerable delicacy", and that it
   will be more difficult if names are revealed before trial *held,*
   not the "good cause" required before discovery can be prop-
   erly denied (GCR 1963, 307.4).

6. EVIDENCE—EXPERT TESTIMONY—QUALIFICATION OF EXPERT.
   The weight and credibility of an expert's testimony is directly
   dependent on his qualifications and experience in his field,
   and adequate trial preparation requires an opportunity for

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 8] 23 Am Jur 2d, Depositions and Discovery § 149.
[2, 7] 23 Am Jur 2d, Depositions and Discovery §§ 190, 196, 199.
[3] 23 Am Jur 2d, Depositions and Discovery § 144.
[4] 23 Am Jur 2d, Depositions and Discovery § 155.
[6] 31 Am Jur 2d, Expert and Opinion Evidence § 24 *et seq.*

the opposing party to investigate these qualifications and this experience.

DISSENTING OPINION

V. J. BRENNAN, J.

7. DISCOVERY—PRIVILEGE—WORK PRODUCT—PHYSICIAN.

*Investigations, theories and medical treatises relied upon, and conclusions of a physician retained by plaintiff to help prepare a medical malpractice action are the work product of plaintiff's counsel and should be immune from discovery (GCR 1963, 306.2).*

8. DISCOVERY—DENIAL—CAUSE.

*The reluctance of doctors to give expert testimony in medical malpractice actions if their identity is revealed before trial is sufficient cause to deny discovery of their identity, and therefore denial of such discovery was not an abuse of discretion (GCR 1963, 307.4).*

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 February 6, 1969, at Lansing. (Docket Nos. 4,432, 4,433.) Decided March 25, 1969. Leave to appeal granted June 13, 1969. See 382 Mich 761.

Declaration by Bettie L. Klabunde, for herself and as administratrix of the estate of Donovan E. Klabunde, deceased, against Arthur L. Stanley, M. D., C. J. Stringer, M. D., and the Ingham Medical Hospital for medical malpractice. Defendants sought discovery of certain of plaintiffs' expert witnesses and other items. Discovery denied. Defendants appeal by leave granted. Reversed.

*Raymond Joseph* and *John P. O'Brien,* for plaintiff.

*Foster, Campbell, Lindemer & McGurrin (John L. Collins,* of counsel), for defendants Stanley and Stringer.

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

Quinn, P. J. These are actions arising out of alleged medical malpractice. Defendants sought discovery of plaintiffs' expert witnesses, medical treatises or articles relied on in support of liability and reports of the experts. On leave granted, defendants appeal from the trial court's denial of discovery.

In order to determine precisely what is involved on this appeal and to limit decision to the questions before us, we detail the procedural steps below.

After appearance and before answer, defendants Stanley and Stringer filed demands for bills of particulars, which were furnished. After answers were filed by these defendants, they addressed written interrogatories to Donovan Klabunde or "his representatives who know the facts about which inquiry is made". The interrogatory pertinent to decision of this appeal read:

"State the name and address of every member of the medical profession that you have consulted or had conferences with, or your attorneys have had conferences with or consulted with as proposed expert witnesses to testify on your behalf as to the alleged negligence or malpractice of defendants."

Plaintiffs' answer read:

"I do not have sufficient knowledge to answer interrogatory III (the interrogatory quoted above) with reference to my attorneys, but as to myself, the answer is none."

Individual defendants then filed a motion to compel answer to interrogatories or furnish identity of expert witnesses. Plaintiffs' attorney filed an affidavit in opposition to this motion, and it was denied.

Although current discovery rules, GCR 1963, chapter 30, changed the method for obtaining discovery from motion and court order to notice only, they did not alter the discretion of the trial judge to grant, deny or limit discovery. Court Rule No 35, § 6 (1945)[1] and GCR 1963, 306.2 and 307.4. Presently, the discovery sought is obtained on notice, except as limited by protective order. Under GCR 1963, 306.2 and 307.4 and *for good cause shown,* the authority of the trial court in relation to discovery appears to be unlimited. This is as it should be. What discovery should be granted, denied or limited in a given case is peculiarly within the function of the trial judge, and his determination should not be disturbed on appeal absent a showing of abuse of discretion. Such abuse cannot be shown by a record which demonstrates the trial judge acted *for good cause shown.*

Before discussing the concept of good cause shown, we note that the discovery rules do not differentiate between witnesses and expert witnesses. We note that what defendants sought by discovery was within the language of GCR 1963, 302.1 and 302.2, and we further note that privilege and work product were not involved.

In reviewing a record to determine whether or not the trial judge acted for good cause shown in making an order relating to discovery, we must bear in mind that discovery rules must be accorded broad and liberal treatment. *Wilson* v. *Saginaw Circuit Judge* (1963), 370 Mich 404. Such rules were designed to simplify and clarify issues, and their purpose was to provide accurate information in advance of trial as to the actual facts and circumstances of a controversy rather than aid in their concealment. *Ewer* v. *Dietrich* (1956), 346 Mich 535.

[1] See 334 Mich xl.

The cause shown for denial of discovery in this case consisted of statements by plaintiffs' attorney in his affidavit that "obtaining of an expert witness to testify against a fellow practitioner is a matter of great difficulty and of considerable delicacy." Plaintiffs' attorney fears the medical witness will not testify if his name is disclosed because the medical witness informed deponent that the witness cannot practice medicine without malpractice insurance, and it was canceled once because he testified against a doctor in a malpractice action. If discovery is granted, it will give defendants no more information that they already possess, according to plaintiff.

This record does not demonstrate that denial of discovery was for good cause shown and the order of the trial court must be reversed.

These actions have not been tried, although they were filed nearly 7 years ago. We make no assessment of the fault for the delay; we note it. Generally, expert testimony is essential to the establishment of a cause of action for professional malpractice. *Lince* v. *Monson* (1961), 363 Mich 135. The weight and credibility of the expert's testimony is directly dependent on his qualifications and experience in the field of his testimony. Adequate trial preparation requires an opportunity to investigate these qualifications and this experience.

These factors cause us to exercise our authority under GCR 1963, 820.1(7)[2] and to provide for the entry of an order in this Court requiring plaintiffs to divulge the names and addresses of their proposed expert witnesses, restricting plaintiffs to the use at trial of those experts divulged, and authorizing defendants to depose such experts at defendants' expense with respect to the qualifications and ex-

---

[2] As amended. See 373 Mich lxix.

perience of the experts in the field of their testimony and whether such experts considered any facts not available to defendants in formulating their opinions. In the event the experts answer the last inquiry affirmatively, they may be deposed as to those facts. The order shall further provide that the time and place of the depositions shall be fixed by agreement of counsel or order of the trial court; the time to be such that the depositions are available for trial.

Reversed and remanded for further proceedings with costs to defendants.

McGREGOR, J., concurred.

V. J. BRENNAN, J. (*dissenting*). Defendants seek the name of plaintiff's expert witness and a deposition revealing his investigations, theories and medical treatises relied upon and his conclusions.

Directing attention to discovery of the expert's determinations, GCR 1963, 302.2 provides that:

"Persons taking depositions unless for good cause otherwise shown as provided by subrules 306.2 and 306.4, shall be permitted to examine the deponent regarding any matter not privileged."

GCR 1963, 306.2 provides that:

"The court shall not order the production or inspection of any writing prepared by the adverse party, his attorney, * * * or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice."

Thus, GCR 1963, 306.2 precludes discovery of writings which are properly characterized as "work product." Although the subrule is phrased in terms

of a "writing," its language can properly be extended to interrogation of the expert. Otherwise the purpose of the subrule is easily circumvented by merely inquiring as to the writings' contents.

Are the various determinations of a non-attending physician, who is retained by the plaintiff's attorney to prepare the technical aspects of a medical malpractice suit and testify as an expert, within the qualified privilege of "work product"? This question has not been decided in Michigan. The Michigan Supreme Court has, however, set forth, by way of dictum, the guideline that documentary statements and reports of a physician retained by an attorney for purposes of litigation constitute the "work product" of the attorney and therefore are not generally subject to discovery. *J. A. Utley Company* v. *Saginaw Circuit Judge* (1964), 372 Mich 367, 373.[1] The federal decisions generally treat the reports and statements of experts as "work product" in effect if not always in name. See 2A Barron and Holtzoff, Federal Practice and Procedure (Wright Ed, 1961), § 652.5, and cases cited therein.

"The very general import of the federal cases is that although pretrial deposition discovery of the expert opinion is not *per se* prohibited by the federal rules, and may, in a proper case, be authorized, such discovery ordinarily will not be permitted except in instances of extreme need thereof by the examining party and inability on his part to obtain expert opinion on the same matter from other sources." 23 Am Jur 2d, Depositions and Discovery, § 199, p 556.

---

[1] See also *Lindsay* v. *Lipson* (1962), 367 Mich 1, where it was held that the reports of a non-attending, but non-testifying (at least as to his examination and report) physician, retained by the attorney to examine the plaintiff in preparation for an action which did not involve a claim of medical malpractice, were subject to the attorney-client privilege.

This treatment of expert determination is proper.

"Considering the practical difficulty of disclosing the potential evidentiary parts of the report without impinging upon legitimate 'work product,'  *  *  * the entire report of the expert, in this particular context, should be treated as covered by the 'work product' restriction.

"Such a construction of subrule 306.2 will not unduly hamper the right of discovery, since the 'work product' restriction, unlike the attorney-client privilege, is only a qualified restriction and the materials can be obtained upon a showing of unfair prejudice, undue hardship or injustice. These terms provide the flexibility needed to balance the need for discovery against the need for protection. To the extent that the request seeks material unavailable or not readily obtainable elsewhere, which is so crucial that justice requires its production, discovery can be ordered." 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), 1967 Supp, pp 30, 31.

Are defendants suffering a hardship which compels discovery despite the qualified privilege of "work product"? As suggested above such hardship exists where the factual subject matter is inaccessible to the party seeking discovery. Defendants here were the decedent's physicians; the circumstances giving rise to the claim of malpractice are, consequently, more within their knowledge than plaintiff's. Defendants' contention that without discovery they cannot ascertain the standard of care which plaintiff would have imposed is not persuasive. The parties share the same position in urging the standard of care required by the medical and surgical practices in question. As defendants are not exposed to undue hardship by virtue of the privileged status of the information sought, it is not open to discovery.

Defendants also seek the name of plaintiff's expert witness to permit thorough investigation of his qualifications for impeachment purposes. GCR 1963, 302 is qualified, as stated above, by subrule 306.2, which authorizes the trial court to prohibit deposition for good cause shown. The understandable reluctance of a physician to testify against a fellow practitioner may assume the form of silence should publication of his name pending trial result in informal censure by those colleagues whose everyday cooperation is vital. As noted by Judge Hughes in his opinion below, "the obtaining of an expert witness to testify against a fellow practitioner is a matter of great difficulty and of considerable delicacy."[2] It must be remembered that it is incumbent upon the plaintiff to qualify his witness as an expert. See 2 Wigmore on Evidence (1940), § 560. Modern court procedure allows defendants ample time during trial to inquire into the expert's background. The trial judge did not abuse his discretion in ruling that good cause had been established.

The order denying the motion should be affirmed.

---

[2] The *Miller Case* upon which appellant relies for discovery of the expert's name involved a wrongful death action arising from a plane crash. The countervailing consideration presented by this case was not present there. *Miller* v. *United States* (Del, 1961), 192 F Supp 218. Nor do the other cases cited by appellant reach this question.