OMLIE INDUSTRIES, INC. v INDUSTRO MOTIVE CORPORATION

1. Discovery—Interrogatories—Refusal to Answer—Order Compelling Answer—Court Rules.

   Application for an order compelling an answer to an interrogatory may be made in the trial court for refusal of a party to answer the interrogatory (GCR 1963, 313.1[2]).

2. Discovery—Interrogatories—Willful Failure to Answer—Default Judgment—Court Rules.

   Willful failure to answer interrogatories can result in entry of a default judgment (GCR 1963, 313.4).

3. Discovery—Interrogatories—Failure to Answer—Conscious and Repeated Failures—Default Judgment.

   Conscious and repeated failures to answer interrogatories can result in entry of a default judgment.

4. Discovery—Interrogatories—Failure to Answer—Default Judgment—Harsh Sanction—Hearings—Willful or Unintentional Failure—Judicial Discretion—Abuse—Court Rules.

   Entry of a default judgment, which is the harshest possible sanction for failure to answer interrogatories, was an abuse of judicial discretion where no order compelling answers was requested or issued, no informal requests for answers were made, and no hearing was held to determine whether the failure to answer was willful or unintentional (GCR 1963, 313.4).

Appeal from Macomb, Edward J. Gallagher, J. Submitted May 4, 1977, at Detroit. (Docket No. 29498.) Decided July 19, 1977.

Complaint by Omlie Industries, Inc., against

References for Points in Headnotes

[1] 23 Am Jur 2d, Depositions and Discovery § 257.
[2–4] 23 Am Jur 2d, Depositions and Discovery §§ 256, 260, 261.
[4] 47 Am Jur 2d, Judgments § 1158.

Industro Motive Corporation seeking damages for acts of misrepresentation, breach of contract and negligence on the part of the defendant in business dealings between the parties. Plaintiff's motion for default judgment granted. Defendant appeals. Reversed and remanded.

*Cerneant & Perrotta,* for plaintiff.

*Dee Edwards,* for defendant.

Before: T. M. BURNS, P. J., and BRONSON and C. W. SIMON, JR.,* JJ.

T. M. BURNS, P. J. Plaintiff filed suit against the defendant for damages, alleging various acts of misrepresentation, breach of contract and negligence on the part of the defendant in business dealings between the parties. Defendant answered the complaint and filed a counterclaim.

At a pretrial, which defendant had waived, plaintiff was given permission to continue discovery. On July 23, 1973, plaintiff filed interrogatories directed to the defendant. The single item requested of defendant was a list of the names, addresses and telephone numbers of all persons defendant planned to call as witnesses at trial. In a letter dated September 4, 1975, counsel for defendant wrote counsel for plaintiff as follows:

"I have not responded to your most recent interrogatories, because I am still trying to locate some of the persons who were working in the plant the afternoon the day before the fire.

"About the best I can tell you at this time is I expect to furnish you with the information that you are requesting sometime next month."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial on May 24, 1976, before the jury was empanelled, counsel for the defendant informed counsel for the plaintiff that defendant intended to call four witnesses. Plaintiff then moved the trial court to strike defendant's answer, grant a default judgment or limit defense witnesses at trial. The basis for the motion was defendant's failure to answer the supplemental interrogatory. The trial court granted plaintiff a default judgment by written opinion dated June 23, 1976. Defendant appeals.

In its opinion, the trial court opined that GCR 1963, 313.4 required granting of plaintiff's motion for default judgment unless a sufficient excuse for the failure to answer was supplied. The trial court found no proper excuse and concluded that the failure to reply was willful and conscious. We find that the trial court abused its discretion in granting default judgment.

GCR 1963, 313.1(2)[1] provides that application for an order compelling an answer to an interrogatory may be made for refusal of a party to answer the interrogatory. There is no indication in the case at bar that defendant *refused* to answer any interrogatory. Plaintiff requested, and the trial court entered no order compelling an answer. In fact, the record indicates that the plaintiff never requested an answer after the interrogatory was initially proposed.

GCR 1963, 313.4[2] provides that willful failure to

---

[1] The subrule provides:

"Upon the refusal of a deponent to answer any interrogatory submitted under Rule 307 or upon the refusal of any party to answer any interrogatory submitted under Rule 309 the proponent of the question may on like notice make like application for such an order."

[2] GCR 1963, 313.4 reads:

"If a party or officer or managing agent of a party willfully fails to appear before the person who is to take his deposition, after being served with a proper notice or fails to serve answers to interrogatories

answer interrogatories can result in entry of a default judgment. The reported cases in which this harsh sanction has been imposed, however, involved conscious and repeated failures to answer. See, *e.g., Humphrey v Adams,* 69 Mich App 577; 245 NW2d 167 (1976), *Krim v Osborne,* 20 Mich App 237; 173 NW2d 737 (1969). In the instant case no order compelling answers was requested or issued, no hearing was held to determine whether the failure to answer was willful or unintentional and no informal requests for answers were made by plaintiff. Under these circumstances, the imposition of the harshest possible sanction for failure to answer interrogatories was an abuse of discretion.

The order of the trial court granting default judgment is reversed. This cause is remanded for further proceedings.

---

submitted under Rule 309, after proper notice of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."