MASTERS v CITY OF HIGHLAND PARK

Docket No. 43815. Submitted February 15, 1980, at Detroit.—Decided
        April 22, 1980. Leave to appeal denied, 409 Mich 937.
     Plaintiff, Bruno M. Masters, on December 8, 1972, filed suit
        against the City of Highland Park, its Civil Service Board and
        Highland Park General Hospital alleging wrongful discharge
        from the hospital's maintenance department. The case was
        finally heard by the Michigan Supreme Court (402 Mich 907
        [1978]), which affirmed an order of the Court of Appeals that
        plaintiff be reinstated and remanded the case to the Wayne
        Circuit Court for a determination of the amount of back pay to
        be awarded. This order gave the defendants an opportunity to
        establish that plaintiff had not properly mitigated his damages.
        On August 25, 1978, plaintiff was deposed by defendant and, on
        December 13, 1978, served with a set of interrogatories, which
        were not answered. On December 28, 1978, plaintiff moved for
        entry of judgment. The city objected to the entry of a judgment
        based on plaintiff's failure to respond to the interrogatories and
        its desire to depose a former employee. On February 2, 1979,
        the trial court, Thomas Roumell, J., rejected these arguments
        and entered a judgment for plaintiff. The city appeals. *Held:*

     1. Failure of a party to seek an order compelling a response
to interrogatories constitutes a waiver of any objection to an
entry of judgment prior to the submission of answers to the
interrogatories and the Court of Appeals will not reverse such
a judgment in the absence of manifest injustice.

     2. The granting or denial of discovery is within the trial
judge's discretion. One consideration must be whether the
extension of discovery will facilitate rather than impede the
litigation, and the timeliness of the request, the duration of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Depositions and Discovery §§ 149, 155, 156.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 257, 289.
[3, 5] 4 Am Jur 2d, Appeal and Error § 79.
    5 Am Jur 2d, Appeal and Error §§ 772, 774.
    23 Am Jur 2d, Depositions and Discovery § 149.
[4] 23 Am Jur 2d, Depositions and Discovery §§ 149, 150.

litigation and possible prejudice to the litigants should be considered. The court did not err in entering judgment.

Affirmed.

1. TRIAL — DISCOVERY — COURT RULES — CONSTRUCTION.

Discovery rules are to be liberally construed to clarify the factual and legal questions to be litigated, to effect complete and honest disclosure of the underlying issues and to prevent surprise at trial; however, a trial judge must balance these considerations against the necessity for expeditious disposition of litigation in the exercise of his sound discretion in rulings regarding discovery.

2. TRIAL — DISCOVERY — INTERROGATORIES — COURT RULES — FAILURE TO ANSWER — WAIVER — APPEAL.

Failure of a party to seek an order compelling a response to interrogatories constitutes a waiver of any objection to an entry of judgment prior to the submission of answers to the interrogatories and the Court of Appeals will not reverse such a judgment in the absence of manifest injustice (GCR 1963, 313.3).

3. TRIAL — DISCOVERY — INTERROGATORIES — RELEVANCY OF INTERROGATORIES — DISCRETION.

Determining the relevancy of interrogatories is a decision within a trial judge's discretion which will not be reversed on appeal absent an abuse of discretion.

4. TRIAL — DISCOVERY — DISCRETION.

The granting or denial of discovery is within the trial judge's discretion; one consideration must be whether the extension of discovery will facilitate rather than impede the litigation, and the timeliness of the request, the duration of the litigation and possible prejudice to the litigants should be considered.

5. TRIAL — DISCOVERY — DISCRETION.

A trial judge should be able to terminate discovery and proceed to trial or entry of judgment after a reasonable time, and his decision to do so will only be reversed where manifest injustice has resulted to the appealing party.

*Murdoch J. Hertzog,* for plaintiff.

*Bell & Hudson, P.C.,* for defendant on appeal.

Before: Bronson, P.J., and Beasley and D. C. Riley, JJ.

D. C. Riley, J. On December 8, 1972, the plaintiff, Bruno M. Masters, filed suit against the City of Highland Park, the Civil Service Board of the City of Highland Park and Highland Park General Hospital, alleging that his discharge, after 22 years of service with the Highland Park Hospital maintenance department, was wrongful. He had been discharged for alleged noncompliance with the city's residence requirements. The discharge was first upheld by the Highland Park Civil Service Commission and then by the Wayne County Circuit Court in an order dated December 26, 1975. This Court reversed and ordered the plaintiff reinstated with accrued back wages. *Masters v Highland Park,* 79 Mich App 77; 261 NW2d 215 (1977), *aff'd and remanded,* 402 Mich 907 (1978). The Michigan Supreme Court's order of affirmance remanded the matter to the trial court for a determination of the amount of back pay to be awarded to the plaintiff. This order gave the defendants an opportunity to establish that the plaintiff had not properly mitigated his damages.

On August 25, 1978, plaintiff was deposed by the defendants regarding his income and attempts to find employment following discharge. The defendants submitted a set of interrogatories to plaintiff on December 13, 1978, which were not answered. On December 28, 1978, the plaintiff moved for entry of judgment. The city objected to any entry of a judgment based on the plaintiff's failure to respond to the interrogatories and its own desire to depose the former personnel director of Highland Park. On February 2, 1979, the trial court rejected defendants' arguments and rendered judgment for plaintiff in the amount of $242,281.91.

The city now appeals, claiming that the trial court reversibly erred by not allowing them to adequately explore the mitigation of damages issue.

Discovery was designed to clarify the factual and legal questions to be litigated at trial. Through this mechanism, complete and honest disclosure of the underlying issues can occur, preventing surprise at trial. *Klabunde v Stanley,* 16 Mich App 490, 493; 168 NW2d 450 (1969), *rev'd on other grounds,* 384 Mich 276; 181 NW2d 918 (1970). To this end, the discovery rules are to be liberally construed. *Daniels v Allen Industries, Inc,* 391 Mich 398, 403; 216 NW2d 762 (1974). However, these disclosure considerations must be balanced against the necessity for expeditious disposition of litigation. *Klabunde v Stanley,* 384 Mich 276, 282; 181 NW2d 918 (1970). It is up to the trial judge to balance these ofttimes competing concerns so as to ensure both parties' right to a fair trial.

Defendants objected to the entry of judgment prior to answers being submitted on the December interrogatories. Despite the ready mechanism available under GCR 1963, 313.1, defendants failed to move for an order compelling a response to the interrogatories. See *Omlie Industries, Inc v Industro Motive Corp,* 77 Mich App 48, 50-51; 257 NW2d 677 (1977). We believe that their failure constituted a waiver and we will not review defendants' claim absent manifest injustice.

Determining the relevancy of interrogatories is a decision within a trial judge's discretion which will not be reversed on appeal absent an abuse of discretion. *Marchand v Henry Ford Hospital,* 398 Mich 163, 169-170; 247 NW2d 280 (1976), *Walker Metallurgical Corp v Ledoux & Co,* 16 Mich App 588, 590; 168 NW2d 474 (1969). We agree with the trial judge that most of defendants' interrogatories

had either already been answered at plaintiff's deposition or were irrelevant to the mitigation issue. Since most of the questions were of this nature, the interrogatories were not submitted until late in the litigation, the defendant did not move to compel answers and the burden of mitigation was on defendants, no manifest injustice results if we do not review defendants' claim.

Defendants further argue that the trial court erred in not allowing them time to depose an out-of-state witness, the former personnel director of Highland Park.

The granting or denial of discovery is within the trial judge's discretion. See *Daniels, supra, Wechsler v Mroczkowski,* 351 Mich 483, 491; 88 NW2d 394 (1958). An underlying consideration must be whether the granting or extension of discovery will facilitate rather than impede the litigation. See *Webster v Central Paving Co,* 51 Mich App 62; 214 NW2d 707 (1974). Factors such as the timeliness of the request, the duration of the litigation and possible prejudice to the litigants should be considered. See *Klabunde, supra, Webster, supra, Haynes v Monroe Plumbing & Heating Co,* 48 Mich App 707; 211 NW2d 88 (1973). Unless it will create manifest injustice, after a reasonable length of time a judge should be able to terminate discovery and proceed with trial.

In the instant case, defendants had ten months between the Supreme Court's remand order and the entry of judgment. Yet, it was only when plaintiff moved for judgment that the defendants indicated any dire need for the witness's testimony. We believe that a reasonable time for discovery had elapsed so that it was proper for the trial judge to refuse to extend defendants' investigation.

In summary, we hold that the failure to utilize the discovery sanctions listed in GCR 1963, 313, will waive the issue of noncompliance on appeal, absent manifest injustice. Parties should only be allowed a reasonable time prior to trial in which to pursue discovery methods such as depositions or interrogatories or discovery sanctions such as orders and default judgments. After that period, the trial judge should be able to terminate discovery and to proceed to trial or the entry of judgment. His decision to do so will not be reversed by this Court unless manifest injustice has resulted to the appealing party.

Affirmed.