Kenneth GERHARDT, Director, Morton County Social Service Board as assignee for B.H., B.H. and D.H. as guardian ad litem for D.K.H., a minor child, Plaintiffs and Appellees,

v.

D.L.K., Defendant and Appellant.

Civ. No. 10185.

Supreme Court of North Dakota.

Dec. 13, 1982.

Marnell W. Ringsak, Sp. Asst. States Atty., Bismarck, for plaintiffs and appellees.

Zuger & Bucklin, Bismarck, for defendant and appellant; argued by Robert V. Bolinske, Bismarck.

ERICKSTAD, Chief Justice.

■ Defendant/Appellant, D.L.K. [hereinafter "Duane", a pseudonym], appeals from the judgment[1] entered November 9, 1981, by the District Court of Burleigh County declaring him to be the natural father of D.K.H. [hereinafter "Darren", a pseudonym]. We reverse and remand.

Duane's contentions on appeal are threefold. First, he contends that the trial court erred by denying his motion to compel the plaintiff/appellee, B.H. [hereinafter "Brenda", a pseudonym], to answer certain interrogatories.[2] The interrogatories in question request Brenda to identify all individuals with whom she has had a sexual relationship other than Duane in the 24-month period preceding Darren's birth.

■ Rule 26 of the North Dakota Rules of Civil Procedure governs the scope of discovery.[3] This rule was derived from Rule 26 of the Federal Rules of Civil Procedure. Therefore, when construing it, we give great deference to any Federal case law interpreting and construing Rule 26 of the Federal Rules of Civil Procedure. *Marmon v. Hodny*, 287 N.W.2d 470 (N.D.1980); *Burlington Northern v. North Dakota District Court*, 264 N.W.2d 453 (N.D.1978).

■ The Federal Judiciary has clearly enunciated that a trial court has broad discretion in regard to the scope of discovery and consequently it is unusual to find an abuse of discretion in such matters. *Swanner v. United States*, 406 F.2d 716, 719 (5th Cir.1969). *See also, In re Surety Ass'n of America*, 388 F.2d 412 (2d Cir.1967); *Edgar*

---

**1.** Defendant's notice of appeal states that he appeals "from the Judgment entered in this action, from the Trial Court's denial of his Motion for a New Trial and from the Order taxing costs against defendant." However, counsel have addressed their arguments solely to the November 9, 1981, judgment. Therefore, we will do likewise and consider this as an appeal solely from such judgment.

**2.** The controversial interrogatories are numbers 19 and 20 which read as follows:

"19. Please state whether you had sexual intercourse with any person other than the defendant in the 24 month period preceding the birth of the child.

"20. If the answer to Interrogatory No. 19 was in the affirmative, please state for each such person:

a. His full name, business and residential address;

b. The date or dates on which such intercourse occurred;

c. The address or description of the place at which each such act of intercourse occurred;

d. Whether or not each such person has ever given you any money or property of any kind of nature;

e. Whether any contraception of any type was used by either of you.

f. Please state each fact on which you rely to support the contention that each such person was not the father of the child."

**3.** Rule 26 of the North Dakota Rules of Civil Procedure provides in pertinent part:

"*(b) Scope of Discovery.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), N.D.R.Civ.P.

v. *Finley*, 312 F.2d 533 (8th Cir.1963); *Tiedman v. American Pigment Corp.*, 253 F.2d 803 (4th Cir.1958); *Shibilski v. St. Joseph's Hospital*, 83 Wis.2d 459, 266 N.W.2d 264 (1978); *Walker Metallurgical Corporation v. Ledoux and Company*, 16 Mich.App. 588, 168 N.W.2d 474 (1969); *Cave v. Fountain*, 258 Iowa 1232, 142 N.W.2d 436 (1966). Hence, in the case at bar, it is our duty to determine whether or not the trial court abused its discretion in sustaining Brenda's objections to the interrogatories in issue.

■ Where, as in this instance, it is highly speculative as to whether or not the information sought would have lead to admissible evidence under Section 14–17–13(2), N.D.C.C., and there is no assertion that any admissible evidence was unfairly kept out, we find no abuse of discretion by the trial court.

■ Duane further alleges that the trial court erred in excluding testimony concerning an alleged venereal disease epidemic among Brenda's friends.[4] The proffered testimony was excluded on the basis that it constituted "rank hearsay of a very highly prejudicial nature."

Rule 801, North Dakota Rules of Evidence, defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In this instance, if permitted, the witness would have testified that he terminated one of his employees because he believed that she had contracted venereal disease which would cause him problems with certain governmental agencies. This testimony was not offered to prove the truth of the matter asserted (that the employee was suffering from venereal disease), but rather to show why Duane, with this information, would not want to have sexual intercourse with someone who, as a friend of those afflicted, might have the same contagious affliction. Therefore, the proffered testimony was not hearsay and consequently should not have been excluded on that ground.[5]

■ Duane's final contention is that the trial court acted improperly by not allowing him to testify as to his alleged vasectomy. This evidence was excluded on the grounds of surprise.

Relevant evidence[6] may be excluded pursuant to Rule 403, N.D.R.Ev., "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Surprise is not listed as a ground for exclusion; therefore, we conclude that Duane's offer of proof regarding his alleged vasectomy was improperly excluded.[7] *See* Procedure Committee Notes to Rule 403.

---

4. Duane was prepared to present the following offer of proof to the court:

"I would ask him, Your Honor, as to whether or not S.D. [a pseudonym] worked for him, and he would testify that she did. I would ask him when she was let go and he would testify that it was in the spring of 1979. I would ask him why she was let go and he would testify that it was because she and other people—other employees of the Longhorn had contracted venereal disease and other governmental agencies were going to cause them a great deal of trouble health wise if they were not terminated.

\* \* \* \* \* \*

"and I would further offer that [Duane] was aware of that and that supports his statement that he refused to have a sexual relationship with [Brenda] in Minot when they were up there in May, and that he refused—did not have a sexual relationship with her from April—the first of April on."

5. We do not at this time determine whether the evidence could have been properly excluded on the basis that it was irrelevant (Rule 402, N.D. R.Ev.) or that its probative value was substantially outweighed by the danger of unfair prejudice (Rule 403, N.D.R.Ev.) because we believe that determination should first be made by a trial court.

6. Evidence of a vasectomy is clearly relevant in a paternity action.

7. The proper remedy for "unfair surprise" is a continuance. *See* Procedure Committee notes to Rule 403.

In a paternity action, our foremost concern is with the child's welfare. Because paternity may well be denied by a man who is judicially determined to be the child's father, we believe that the interests of justice will be best served by a trial in which the court has received all admissible evidence.[8] *See, Throndset v. J.R.,* 302 N.W.2d 769, 774 (N.D.1981). We therefore reverse and remand so that a new trial may be held in accordance with this opinion.

VANDE WALLE, PEDERSON and SAND, JJ., and O'KEEFE, District Judge, concur.

O'KEEFE, District Judge, sitting in place of PAULSON, J., disqualified.

8. In this case, counsel failed to offer into evidence the blood test results. Hopefully, a proper foundation will be laid in the retrial of this case so that those results become a part of the record.