DaFOE v MICHIGAN BRASS AND ELECTRIC COMPANY

Docket No. 93205. Submitted October 19, 1988, at Lansing. Decided January 6, 1989.

James DaFoe brought an action in the Ingham Circuit Court against Michigan Brass and Electric Company seeking damages for injuries sustained in a fall on an interior stairway at defendant's business. The jury returned a verdict of no cause of action in favor of defendant and the trial court, Michael G. Harrison, J., entered a judgment accordingly. Plaintiff appealed alleging several errors.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in precluding testimony by plaintiff's safety expert which would have been cumulative.

2. Evidence that one of defendant's employees fell on the stairway approximately twenty-two months after plaintiff's fall was incompetent to establish defendant's liability and was properly excluded.

3. The trial court properly refused to allow plaintiff to impeach defendant's witnesses on an irrelevant issue.

4. The trial court did not abuse its discretion in refusing to admit as party admissions certain interrogatories answered by defendant's controller which were cumulative of testimony adduced at trial.

Affirmed.

1. EVIDENCE — SAFETY REGULATIONS.

A trial court does not abuse its discretion by excluding evidence of safety regulations where the purpose of introducing the regulatory codes was already fulfilled by other evidence and where any peripheral reference which the regulations may have to the parties' conduct would certainly be far outweighed by the confusion to the jury.

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 241-243; Evidence §§ 256, 273.

Admissibility in evidence, on issue of negligence, of codes or standards of safety issued or sponsored by governmental body or by voluntary association. 58 ALR3d 148.

2. EVIDENCE — NEGLIGENCE — SIMILAR ACCIDENTS — SUBSEQUENT
ACCIDENTS.

Evidence that someone else fell on the same stairway after the
plaintiff's fall is incompetent to establish the defendant's liabil-
ity for plaintiff's fall.

3. EVIDENCE — INTERROGATORIES.

A trial judge does not abuse his discretion by refusing to admit
interrogatories at trial which have already been answered by
testimony or which are irrelevant to the issues.

*Mark T. Light,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster, P.C.*(by *Gary
C. Rogers*), for defendant.

Before: MICHAEL J. KELLY, P.J., and MACKENZIE
and S. B. MILLER,* JJ.

PER CURIAM. Plaintiff appeals as of right from a
jury verdict of no cause of action. We affirm.

Plaintiff injured his elbow when he fell on an
interior stairway at defendant's business. Plaintiff
claimed that his fall was caused by defendant's
negligent maintenance of an unsafe stairway. In
support of his claim, plaintiff attempted to elicit
testimony of his safety expert that if the stairway
were five degrees steeper it would be termed a
"ladder" rather than a stairway under National
Safety Council standards. The trial court pre-
cluded such testimony. Plaintiff claims this was
error. We disagree.

This Court affirms a trial court's evidentiary
ruling unless it constituted an abuse of discretion.
*Guider v Smith,* 157 Mich App 92, 103-104; 403
NW2d 505 (1987), cert den — US —; 108 S Ct
1079; 99 L Ed 2d 238 (1988), aff'd 431 Mich 559;
431 NW2d 810 (1988). A trial court does not abuse
its discretion by excluding evidence of safety regu-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

lations where the purpose of introducing the regulatory codes was already fulfilled by other evidence and where any peripheral reference which the regulations may have to the parties' conduct "would certainly be far outweighed by the confusion to the jury." *Gagnon v Dresser Industries, Corp,* 130 Mich App 452, 462; 344 NW2d 582 (1983), aff'd 424 Mich 166; 380 NW2d 440 (1985). Here, plaintiff asserts that the "ladder" testimony would have served as a "critical frame of reference" for determining whether the stairway was too steep. However, plaintiff successfully introduced evidence comparing the steepness of the subject stairway with OSHA recommended steepness and the "critical angle" of unsafe steepness, providing the jury a frame of reference. The "ladder" evidence therefore would have been cumulative at best. We find no abuse of discretion.

Plaintiff further contends that the trial court abused its discretion by excluding evidence that one of defendant's employees fell on the stairway approximately twenty-two months after plaintiff's fall. Plaintiff argues that the subsequent accident evidence should have been admitted both for purposes of establishing defendant's liability and for impeachment. The evidence was clearly incompetent to establish defendant's liability. See *Branch v Klatt,* 173 Mich 31, 35; 138 NW 263 (1912). Moreover, we find no abuse of discretion in the trial court's refusal to allow plaintiff to impeach defendant's witnesses on an irrelevant issue. Plaintiff's argument that the trial court's ruling creates "a wide open invitation to misrepresent facts" during discovery is misplaced. We are satisfied that the existing sanctions for intentionally lying under oath are a sufficient deterrent for the misconduct plaintiff fears.

Finally, plaintiff claims that the trial court

abused its discretion in refusing to admit as party admissions plaintiff's proposed Exhibit 10, certain interrogatories answered by defendant's controller approximately 1½ years before trial. The question whether to admit interrogatories at trial is a matter within the sound discretion of the trial judge. *Marchand v Henry Ford Hospital,* 398 Mich 163, 169-170; 247 NW2d 280 (1976). We find no abuse of discretion on this record. The interrogatory answers were cumulative of testimony adduced at trial. A trial judge does not abuse his discretion by refusing to admit interrogatories at trial which have already been answered by testimony, or which are irrelevant to the issues. *Masters v Highland Park,* 97 Mich App 56, 59-60; 294 NW2d 246 (1980), lv den 409 Mich 937 (1980).

Affirmed.