Filed 12/22/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 233

Albert Kouba, Appellee

v.

State of North Dakota, 

Department of Transportation, Appellant

No. 990176

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Albert Kouba, no appearance.

Andrew Moraghan, Assistant Attorney General, Attorney General’s Office, 900 East Boulevard Avenue, Bismarck, ND 58505-0041, for appellant.

Kouba v. State of ND, Dept. of Transportation

No. 990176

VandeWalle, Chief Justice.

[¶1] The Department of Transportation (“Department”) appealed from a district court order reversing the Department’s decision to suspend Albert Kouba’s driving privileges.  We affirm the district court’s order.

[¶2] On October 16, 1998, Albert Kouba was stopped for speeding by a law enforcement officer.  The officer issued a summons and citation to Kouba for traveling 38 mph in a 30 mph zone.  The summons directed Kouba to appear in Williston Municipal Court at 9:30 a.m. on October 22, 1998, to answer to the speeding charge.  Kouba signed the promise to appear and appeared at the court at the given time.  Kouba requested the court dismiss the speeding charge because the officer who issued the citation was not present at the initial hearing.  The municipal judge denied the request and attempted to schedule a hearing at a future time.  However, after the judge denied Kouba’s request, Kouba left the courtroom without posting the $8.00 appearance bond.

[¶3] On December 15, 1998, the Department issued a Hearing and Suspension Order notifying Kouba his driving privileges would be suspended if he did not request a hearing within ten days.  Kouba timely requested a hearing, which was held on January 8, 1999.  Kouba provided testimony and also filed a brief.  The hearing officer concluded Kouba’s driving privileges must be suspended indefinitely for failure to appear at the designated time or post and forfeit bond.  Kouba appealed the Department’s final decision to the district court.  The district court reversed the Department’s decision to suspend Kouba’s driving privileges, concluding Kouba’s license could not be suspended because he did appear.

[¶4] Our review of an appeal from a district court decision on a license suspension is governed by the Administrative Agencies Practice Act.  Chapter 28-32, N.D.C.C.  We do not review the decision of the district court, but instead review the record compiled and the decision rendered by the agency.  
Dworshak v. Moore
, 1998 ND 172, ¶ 6, 583 N.W.2d 799.  We affirm the agency’s decision unless:

1) a preponderance of the evidence does not support the agency’s findings; 2) the agency’s findings of fact do not support its conclusions of law and its decision; 3) the agency’s decision violates the constitutional rights of the appellant; 4) the agency did not comply with the Administrative Agencies Practice Act in its proceedings; 5) the agency’s rules or procedures have not afforded the appellant a fair hearing; or 6) the agency’s decision is not in accordance with the law.

Id.

[¶5] By failing to choose one of the options provided in N.D.C.C. §§ 39-06.1-02 and 39-06.1-03, Kouba is deemed to have admitted the speeding violation and must pay the $8.00 fine.  Sections 39-06.1-02 and 39-06.1-03, N.D.C.C., provide several options for noncriminal traffic offenders like Kouba.  After signing a promise to appear, Kouba had three options under N.D.C.C. § 39-06.1-02:  he could have 1) appeared at the scheduled hearing and paid the statutory fee; 2) paid the bond amount [$8] in advance and forfeited it by failing to appear at the hearing; or 3) posted the bond and requested a hearing on the matter.  Section 39-06.1-03, N.D.C.C., provides another option:  Kouba could have appeared at the time designated in the citation, deposited an appearance bond equal to the statutory fee for the violation charged and requested a hearing.  N.D.C.C. § 39-06.1-03(1)-(2).  “The hearing must be held at the time scheduled in the citation, at the time scheduled in response to the person’s request, or at some future time, not to exceed ninety days later, set at that first appearance.”  N.D.C.C. § 39-06.1-03(1).

[¶6] Thus, the officer’s absence did not require the municipal court to dismiss the speeding charge.  Had Kouba posted an appearance bond, the judge would have had to schedule a hearing within 90 days.  N.D.C.C. § 39-06.1-03(1).  However, Kouba left the hearing without posting bond or paying the fee.  According to N.D.C.C. § 39-

06.1-04:

If a person fails to choose one of the methods of proceeding set forth in section 39-06.1-02 or 39-06.1-03, the person must be deemed to have admitted to commission of the violation charged, and the official having jurisdiction shall report such fact to the licensing authority within ten days after the date set for the hearing.

[¶7] The Department contends the suspension of Kouba’s driving privileges was appropriate because Kouba, by failing to post bond, failed to appear.  We will not follow such a convoluted definition.  “Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained.”  N.D.C.C. § 1-02-02.  The ordinary meaning of appear is “to become visible” or “to present oneself formally before a court.”  
American Heritage College Dictionary
 65 (3d ed. 1997).  Kouba came to the hearing at the scheduled time.  Thus, he appeared.

[¶8] Section 39-06-32(6), N.D.C.C.,  allows license suspension for “[f]ailure . . . to appear in court or post and forfeit bond after signing a promise to appear, in violation of section 39-06.1-04 . . . .”  The district court concluded Kouba’s license could not be suspended because N.D.C.C. § 39-06-32(6) does not allow license suspension unless the operator does not post bond or does not appear at the hearing, and Kouba appeared at the initial hearing.  We agree.  The Department may not suspend the license of a driver under N.D.C.C. § 39-06-32(6) if the driver, who has signed a promise to appear, posts and forfeits bond or appears at the given time.  Kouba appeared.  Although he still must pay the fine, the Department may not suspend his license for failure to appear.

[¶9] Because Kouba appeared at the hearing, the Department may not suspend his license.  The agency’s decision was not in accordance with the law.

[¶10] We affirm the district court’s order reversing the agency’s decision.

[¶11] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner