2004 ND 186

**Albert KOUBA, Plaintiff and Appellant**

v.

**STATE of North Dakota; Marsha M. Lembke, Director of ND Drivers License Division of NDDOT; Debra M. Nichols, Clerk of Court, Stanley, ND; and Rosalie I. Trones, Clerk of Court, Williston, ND, Defendants and Appellees.**

No. 20040129.

Supreme Court of North Dakota.

Oct. 12, 2004.

Albert Kouba, pro se, Williston, ND, plaintiff and appellant.

Douglas Alan Bahr, Solicitor General, Office of Attorney General, Bismarck, ND, for defendants and appellees, State of North Dakota, Lembke, and Trones.

Collin P. Dobrovolny, McGee, Hankla, Backes & Dobrovolny, Wells Fargo Bank Center, Minot, ND, for defendant and appellee, Nichols.

MARING, Justice.

[¶ 1] Albert Kouba ("Kouba") appeals from a judgment granting a motion to dismiss his complaint against Mountrail County Clerk of Court Debra M. Nichols ("Nichols") and a motion for judgment on the pleadings with regard to his claims against Williams County Clerk of Court Rosalie I. Trones ("Trones"), the Director of N.D. Drivers License Division of the North Dakota Department of Transportation ("NDDOT"), Marsha M. Lembke ("Lembke"), and the State of North Dakota ("State"). We affirm.

I

[¶ 2] Kouba received traffic citations on February 13, 2003, and April 15, 2003. On both occasions, he appeared before the appropriate court the day after receiving the citations, admitted the violation, was assessed a fine, and left without paying the fine. Clerk of Court Nichols notified the NDDOT that Kouba had appeared but had not paid his obligation and requested that his license be suspended. Clerk of Court Trones notified the NDDOT that Kouba had failed to appear or post bond and requested that his license be suspended. The Driver's License Division of the NDDOT suspended Kouba's driver's license based on these notifications. Kouba claims he did not receive notice of the suspension of his driver's license. In November 2003, Kouba was again stopped for a traffic violation and was then charged with Driving Under Suspension. In December 2003, the NDDOT acknowledged that the suspension was not proper because, although he had not paid his fines, Kouba had made an appearance before the appropriate forum. Kouba's driving privileges were restored.

[¶ 3] In January 2004, Kouba filed a complaint against the two Clerks of Court, the director of the NDDOT, and the State of North Dakota, alleging "loss of his civil and constitutional rights" and "violation of rights . . . to appeal the suspension and redress of grievances" due to not receiving notice of his driver's license suspension. The trial court found, as to the Clerks, the complaint failed to state a claim on which relief could be granted and, as to Lembke

and the State, the complaint failed because they enjoyed quasi-judicial immunity.

## II

[¶ 4] "A trial court's decision for granting judgment on the pleadings under Rule 12(c), N.D.R.Civ.P., is reviewed de novo." *Tibert v. Minto Grain*, 2004 ND 133, ¶ 6, 682 N.W.2d 294. A party may move for judgment on the pleadings under our civil rules of procedure:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 12(c), N.D.R.Civ.P. Matters outside the pleadings were not presented to the trial court in the instant case.

[¶ 5] When our Court reviews the dismissal of a complaint after a judgment on the pleadings under Rule 12(c), N.D.R.Civ.P.,

> we recognize that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., which sets forth the requirements for pleading a claim and calls for a short and plain statement of the claim showing that the pleader is entitled to relief. The complaint is to be construed in the light most favorable to the plaintiff, and the allegations of the complaint are taken as true. The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.

*Tibert*, 2004 ND 133, ¶ 7, 682 N.W.2d 294 (citation omitted).

[¶ 6] A trial court's decision granting judgment of dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(vi), N.D.R.Civ. P., will be affirmed by our Court if we cannot "discern a potential for proof to support it." *Vandall v. Trinity Hospitals*, 2004 ND 47, ¶ 5, 676 N.W.2d 88 (quoting *Towne v. Dinius*, 1997 ND 125, ¶ 7, 565 N.W.2d 762).

## III

[¶ 7] Kouba argues the trial court erred in granting Clerk of Court Nichols' motion to dismiss for failure to state a claim upon which relief can be granted and in granting Clerk of Court Trones' motion for judgment on the pleadings. The authority to issue and suspend driver's licenses rests with the State of North Dakota and is delegated by the State to the North Dakota Department of Transportation. *See* N.D.C.C. § 39–01–01.1. While neither the state constitution nor the statutes expressly provide that the sole authority to issue and revoke driver's licenses rests with the State, the language throughout N.D.C.C. tit. 39, Motor Vehicles, is clear——the power to issue, refuse to issue, suspend, and revoke driver's licenses, lies with the director of the NDDOT. *See* N.D.C.C. tit. 39. The Clerks of Court, Nichols and Trones, have no authority to suspend driver's licenses. In addition, Kouba has not alleged that the conduct of either of the Clerks of Court was grossly negligent, or was willful or wanton misconduct, or that either was acting outside the scope of her employment.

*See* N.D.C.C. § 32–12.1–04(3); N.D.C.C. § 32–12.2–01; N.D.C.C. § 32–12.2–03. Therefore, any claims Kouba has regarding the suspension of his driver's license would be against the NDDOT, not the Clerks of Court.

## IV

■ [¶ 8] Kouba argues the trial court erred in deciding that the actions of Lembke were quasi-judicial in nature and, therefore, immune from liability.[1] Under N.D.C.C. § 32–12.2–02(3)(d), a state employee's decision to revoke a driver's license is a "quasi-judicial act" immune from liability. Section 32–12.2–02(3)(d), N.D.C.C., provides:

> 3. Neither the state nor a state employee may be held liable under this chapter for any of the following claims:
> d. A claim resulting from a decision to undertake or a refusal to undertake any judicial or quasi-judicial act, including a decision to grant, to grant with conditions, to refuse to grant, or to revoke any license, permit, order, or other administrative approval or denial.

[¶ 9] This Court, in *KFGO Radio, Inc. v. Rothe*, 298 N.W.2d 505, 510 (N.D.1980), quoted directly from *Black's Law Dictionary* (5th ed. 1979) to define both the terms quasi-judicial and quasi-judicial act. The current edition has essentially the same definitions: "quasi-judicial—Of, relating to, or involving an executive or administrative official's adjudicative acts; quasi-judicial act—A judicial act performed by an official who is not a judge." *Black's Law Dictionary* 1278–79 (8th ed. 2004). Other jurisdictions have considered what the term "quasi-judicial act" means. *See also Romano v. Bible*, 169 F.3d 1182,

1187 (9th Cir.1999) (a commission that conducts hearings with many of the traditional safeguards of courts and then issues orders is performing a quasi-judicial act), *cert. denied*, 528 U.S. 816, 120 S.Ct. 55, 145 L.Ed.2d 48 (1999); *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1540 (9th Cir.1993) (an administrative determination is quasi-judicial when the agency is required to adjudicate disputed facts in particular cases); *Field v. Kearns*, 43 Conn.App. 265, 682 A.2d 148, 151 (1996) (a proceeding is quasi-judicial when the agency has the power to exercise judgment and discretion, hear and determine or ascertain facts, make binding orders and judgments affecting personal or property rights, examine witnesses, and enforce decisions or impose penalties), *cert. denied*, 239 Conn. 942, 684 A.2d 711 (1996).

[¶ 10] There is no dispute that Lembke, in her capacity as the Director of the Driver's License Division of the NDDOT, is an administrative official responsible for the decision to grant, to refuse to grant, to revoke or to suspend driver's licenses in the State of North Dakota. The adjudicative acts performed by her in carrying out her duties are specifically referred to as quasi-judicial in nature under N.D.C.C. § 32–12.2–02(3)(d) and, therefore, immune from liability. Accordingly, Kouba's complaint fails to state a claim as a matter of law.

## V

■ [¶ 11] Kouba argues the trial court erred when it concluded that no private right of action exists under the North Dakota Constitution. Kouba asserts the State violated his rights by not providing

---

1. Kouba does not allege a 42 U.S.C. § 1983 claim against Lembke and we do not reach a decision on this issue. In a § 1983 action, a plaintiff must allege that a defendant's con-

duct, under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by federal law. *See Frey v. City of Jamestown*, 548 N.W.2d 784, 790 (N.D.1996).

him with a "Notice of Suspension" of his driver's license. The State denies that notice of the suspension was not provided, but whether it was or not is not dispositive of the issue. Article I, Section 9, of the North Dakota Constitution provides in part that "... [s]uits may be brought against the state in such a manner, in such courts, and in such cases, as the legislative assembly may, by law, direct." Our Court has held, however, that the North Dakota Constitution should not be read to condone an absolute bar to tort liability of the State. *See Bulman v. Hulstrand Const. Co.*, 521 N.W.2d 632 (N.D.1994). Yet, public policy demands that the State retain immunity for the exercise of discretionary acts in its official capacity, including legislative, judicial, quasi-legislative, and quasi-judicial functions. *Id.* at 640. Section 32–12.2–02(1), N.D.C.C., describes what type of suits the legislature allows to be brought against the State:

> The state may only be held liable for money damages for an injury proximately caused by the negligence or wrongful act or omission of a state employee acting within the employee's scope of employment under circumstances in which the employee would be personally liable to a claimant in accordance with the laws of this state, or an injury caused from some condition or use of tangible property under circumstances in which the state, if a private person, would be liable to the claimant. No claim may be brought against the state or a state employee acting within the employee's scope of employment except a claim authorized under this chapter or otherwise authorized by the legislative assembly.

[¶ 12] Section 32–12.2–02(1), N.D.C.C., does not authorize Kouba's constitutional claims. Further, the exceptions to State liability expressed by the legislature in N.D.C.C. § 32–12.2–02(3) provide that neither the state nor a state employee may be held liable for a claim resulting from a decision "to grant, to grant with conditions, to refuse to grant, or to revoke any license."

[¶ 13] Kouba argues that somehow N.D.C.C. § 39–06–33(1), which requires the director to give notice of intention to suspend, creates a private cause of action against the director. This Court has held that "[t]he legislature's silence in failing to expressly provide a private right of action is a strong indication it did not intend such a remedy. The party urging an implied right of action therefore bears the burden of proof to establish the legislature intended to create the remedy." *Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.*, 2001 ND 116, ¶ 14, 628 N.W.2d 707. In the instant case, not only has the legislature failed to expressly provide a right of action for failure of the director to give notice in driver's license suspensions, but it has expressly prohibited such actions under N.D.C.C. § 32–12.2–02(3)(d). Therefore, the trial court was correct in holding that no private right of action exists under the North Dakota Constitution or statutorily for Kouba's constitutional claim.

[¶ 14] It is worth noting, however, that our Court has fashioned a remedy for a systemic violation of due process rights by governmental entities. *See Madison v. N.D. Dept. of Transp.*, 503 N.W.2d 243 (N.D.1993). "When a governmental agency systemically disregards the requirements of law, reversal may be required to prophylactically ensure the government acts consistently and predictably in accordance with the law." *Jacobson v. N.D. Workers Comp. Bureau*, 2000 ND 225, ¶ 24, 621 N.W.2d 141 (quoting *Scott v. N.D. Workers Comp. Bureau*, 1998 ND 221, ¶ 20, 587 N.W.2d 153). The instant case, however, can be distinguished. It is not an appeal from the suspension of a

driver's license, but rather an appeal from a judgment of dismissal of a complaint for damages against the State, its employees and a county employee. The State admitted it should never have suspended Kouba's driver's license and promptly reinstated his driving privileges. In addition, Kouba did not allege a systemic violation of the law by the NDDOT. This Court concluded in *Kouba v. State Dept. of Transp.*, 1999 ND 233, ¶ 8, 603 N.W.2d 696, that the NDDOT "may not suspend the license of a driver under N.D.C.C. § 39–06–32(6) if the driver, who has signed a promise to appear, posts and forfeits bond or appears at the given time." Therefore, we reiterate that, under those circumstances if the driver appears, the NDDOT may not suspend his license for failure to appear or post bond. This is a matter that the legislature should address, and we encourage it to do so.

## VI

[¶ 15] Kouba argues the trial court erred when it stayed discovery pending a decision on the motion for judgment on the pleadings. Rule 26(c)(1) of the North Dakota Rules of Civil Procedure authorizes the trial court to stay discovery pending a dispositive motion. Rule 26(c)(1), N.D.R.Civ.P., provides in pertinent part:

> Upon motion by a party … and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … that discovery not be had …

[¶ 16] While we have not previously ruled on this issue, this Court has noted that when considering Rule 26(c), great deference should be given to any case law interpreting and construing Fed.R.Civ.P. 26(c). *See Gerhardt v. D.L.K.*, 327 N.W.2d 113,

114 (N.D.1982). Federal courts have held that a protective order to stay discovery pending determination of a motion is an appropriate exercise of the court's discretion when the motion will be dispositive of all the claims. *See Chavous v. District of Columbia Fin. Resp. and Mgmt. Asst. Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001); *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D.Kan.1990); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988).

[¶ 17] Each of the four defendants, Nichols, Trones, Lembke, and the State made a dispositive motion before the trial court, asking for judgment on the pleadings. This Court has recognized that it is only appropriate that a motion for judgment on the pleadings be granted if "… it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McCroskey v. Cass County*, 303 N.W.2d 330, 332 (N.D.1981). Taking all the allegations of the complaint as true, there is no claim against Nichols or Trones upon which relief could be granted and Lembke and the State are immune from suit under N.D.C.C. § 32–12.2–02(3)(d). Thus, the facts sought through discovery would not affect the resolution of the motions. We conclude the trial court did not abuse its discretion in staying discovery.

## VII

[¶ 18] We affirm the district court's judgment granting dismissal of Kouba's complaint against Nichols, Trones, Lembke, and the State of North Dakota.

[¶ 19] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.